## CRANE v. PACIFIC STEAMSHIP CO.

(District Court, D. Oregon. March 14, 1921.)

1. **Admiralty ☞20—Injury to longshoreman loading goods on steamship was maritime.**

    A longshoreman, employed to load and store freight on the deck and in the hold of a steamship berthed at a dock, was engaged in maritime work, and his injury while so engaged was maritime.

2. **Admiralty ☞2—Action for injuries in maritime work may be maintained in common-law court.**

    Under Judicial Code, § 24, subd. 3 (Comp. St. § 991[3]), giving the District Courts jurisdiction of admiralty and maritime causes, saving to suitors the right of a common-law remedy, where the common law is competent to give it, an action in personam may be maintained in a common-law court to recover for injuries sustained by a longshoreman while engaged in maritime work.

At Law. Action by Harry Crane against the Pacific Steamship Company. On motion to transfer to the admiralty docket. Motion denied.

Wm. P. Lord, of Portland, Or., for plaintiff.

Grosscup & Morrow and Charles A. Wallace, all of Tacoma, Wash., for defendant.

BEAN, District Judge. The plaintiff, a longshoreman employed by defendant company to load and store freight on the deck and in the hold of the steamship City of Topeka, while berthed at one of the docks in the city of Portland, on the navigable waters of the state, was injured while so employed through the alleged negligence of the defendant. He brought an action in personam against his employer in the state court to recover damages for his injury. The defendant removed the cause to this court on the ground of diversity of citizenship, and it has been noted for trial on the law side of the court.

[1] The defendant moves to transfer it to the admiralty docket, on the ground that it is essentially a proceeding in admiralty. The work in which plaintiff was engaged at the time of his injury was maritime in its nature, and his injury was likewise maritime.

[2] The question presented, therefore, is whether one injured by a maritime tort can maintain an action in personam against his employer to recover damages therefor in a common-law court. It was decided adversely to defendant's position by Judge Wolverton in Williams v. Shipping Board et al. (no opinion filed) on July 23, 1920, and his conclusion is supported by the authorities.

The statute conferring jurisdiction on the District Court of all civil causes of admiralty and maritime jurisdiction saves "to suitors in all cases the right of a common-law remedy where the common law is competent to give it." Section 24, subd. 3, Judicial Code (Comp. St. § 991 [3]). And Judge Holmes, speaking for the court in The Hamilton, 207 U. S. 404, 28 Sup. Ct. 133, 52 L. Ed. 264, says that the saving clause "leaves open the common-law jurisdiction of the state

courts over torts committed at sea. This, we believe, has always been admitted"—citing authorities. It is a remedy in the common-law courts which is saved to suitors, but not a common-law remedy (The Moses Taylor, 4 Wall. 411, 18 L. Ed. 397), and hence it was held in Chelentis v. Luckenbach, 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171, that, in an action by a seaman to recover damages for an injury caused by the negligence of a member of the crew in a common-law court, the defendant's liability should be measured by the standards of the maritime law rather than by those of the common law. The court said:

"Plainly, we think, under the saving clause, a right sanctioned by the maritime law may be enforced through any appropriate remedy recognized at common law; but we find nothing therein which reveals an intention to give the complaining party an election to determine whether the defendant's liability shall be measured by common-law standards rather than those of the maritime law. Under the circumstances here presented, without regard to the court where he might ask relief, petitioner's rights were those recognized by the law of the sea."

And in Knapp et al. v. McCaffrey, 177 U. S. 638, 20 Sup. Ct. 824, 44 L. Ed. 921, the court held that a suit in equity in a state court to foreclose a common-law lien for towage services arising under a maritime contract was not an invasion of the exclusive admiralty jurisdiction of the District Court, but was a proceeding to enforce a common-law remedy, and is within the saving clause of the statute.

"The true distinction," says the court, "between such proceedings as are and such as are not invasions of the exclusive admiralty jurisdiction is this: If the cause of action be one cognizable in admiralty, and the suit be in rem against the thing itself, though a monition be also issued to the owner, the proceeding is essentially one in admiralty. If, upon the other hand, the cause of action be not one of which a court of admiralty has jurisdiction, or if the suit be in personam against an individual defendant, with an auxiliary attachment against a particular thing, or against the property of the defendant in general, it is essentially a proceeding according to the course of the common law, and within the saving clause of the statute * * * of a common-law remedy."

The present action is one in personam, and in my judgment is clearly within the saving clause of the statute.

The motion is therefore denied.