**COMPANIA MARITIMA ADOR, S. A.**

v.

**NEW HAMPSHIRE FIRE INS. CO. OF MANCHESTER, N. H. et al.**
(two cases).

United States District Court
S. D. New York.
April 26, 1954.

Dow & Symmers, Washington, D. C., for plaintiff; Wilbur E. Dow, Jr., William Warner, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for petitioner-defendants; Leonard J. Matteson, Julian S. Gravely, Jr., New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Motions are made in the above captioned actions to remand to the Supreme Court of the State of New York, New York County. In the first of the actions, the defendant, New Hampshire Fire Insurance Company of Manchester, N. H., has petitioned to remove the entire action. In the second action, New Hampshire Fire Insurance Company, Birmingham Fire Insurance Company, The Neth-

erlands Fire Insurance Company and National Union Fire Insurance Company have petitioned to remove the entire action from the Supreme Court.

In the first action, the following is learned from the complaint: that the plaintiff is a citizen and resident of the Republic of Panama; that the defendant New Hampshire is a citizen and resident of the State of New Hampshire; that the action is based on policies of marine insurance, copies of which are attached to the complaint, whereby the plaintiff was insured in the aggregate sum of $100,000 against loss of earnings and expenses sustained by plaintiff by reason of the injury to its ship, "Captain Theo", during the period beginning August 23, 1952 and ending August 23, 1953, whether by perils of the sea or other perils; that on the 23rd day of January, 1953 the steamship "Captain Theo" sailed from the port of Durban for Baltimore and during that voyage, and within the period set forth in the policies, the vessel was by the perils of the sea, disabled and damaged, whereby plaintiff sustained damages by loss of earnings and expenses; that a balance of $81,500 is due and owing to the plaintiff under the said policies and by reason of the said loss of earnings and expenses.

In the second action, we learn from the complaint that the plaintiff is a citizen and resident of the Republic of Panama; that the citizenship and residence of the petitioner-defendants are as follows:

New Hampshire .. State of New Hampshire;

Birmingham ..... State of Pennsylvania

Netherlands ..... State of Connecticut (while defendant Netherlands asserts that it is actually the Kingdom of the Netherlands, in its petition to remove)

National Union .. State of Pennsylvania;

that the action is based on six separate policies of marine insurance, copies of which are attached to the complaint; that the defendants executed and delivered to the plaintiff their policies of marine insurance insuring plaintiff in the aggregate sum of $2,200,000 against all loss and damage sustained by plaintiff by reason of the destruction of or injury to its steamship "Captain Theo" during the period between August 23, 1952 and ending August 23, 1953, whether by perils of the sea, or other perils; that on or about January 23, 1953, the steamship "Captain Theo" sailed from the port of Durban for Baltimore and during said voyage and while the policies were in full force and effect, was by the perils of the sea disabled and damaged, and as a result thereof plaintiff sustained damage in the sum of $200,396 upon which there is still a balance due and owing of the sum of $172,118.

The removing defendants oppose these motions to remand upon two grounds: the first is based upon Title 28, U.S.C. § 1441(c), it being urged by the defendants that the plaintiff is suing upon separate and independent claims and causes of action, which would be removable if sued upon alone. The second ground of opposition is based upon Title 28 U.S.C. § 1441(b), upon the contention that the claims or causes of action against the defendants arise under the Constitution treaties or laws of the United States.

In view of the fact that these motions may be resolved by a determination of the latter ground, this contention shall be considered first. Section 1441(b) reads as follows:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined

and served as defendants is a citizen of the State in which such action is brought."

■ The policies of insurance in these cases are policies of marine insurance on an ocean-going steamer. The losses occurred on the high seas on a voyage from South Africa to Baltimore. It is urged, and there does not seem to be any denial, that policies of marine insurance are maritime contracts. See Insurance Company v. Dunham, 1870, 11 Wall. 1, 78 U.S. 1, 20 L.Ed. 90. The rights and liabilities under the policies of insurance are therefore to be measured by the standards of the maritime law. See Wilburn Boat Co. v. Fireman's Fund Ins. Co., 5 Cir., 1953, 201 F.2d 833.

■ Chief Judge Magruder speaking for the Court of Appeals for the First Circuit, in a scholarly review of the question of claims "arising under the Constitution" in Doucette v. Vincent, 1952, 194 F.2d 834, 839, 841 et seq. leaves little for further discussion of this problem in cases where the maritime law controls. His able review of the authorities is convincing and I am led to the inescapable conclusion that since the plaintiff's rights on these policies are controlled by the general maritime law of the United States they fall within the judicial power of the United States granted by Section 2 of Article 3 of the Constitution which extends such power to "all Cases of admiralty and maritime Jurisdiction".[1] It follows therefore, that a claim under the general maritime law of the United States is a claim arising under the Constitution within the meaning of Title 28 U.S.C. § 1331. The extensive opinion of Judge Magruder contained the following pertinent remarks:

"We think it is an equally obvious consequence of the Jensen line of cases that a suit brought on the law side of the federal district court, on a claim under the general maritime law, is a 'civil action' which 'arises under the Constitution' within the meaning of 28 U.S.C. § 1331". 194 F.2d at page 843.

And then on page 846 of 194 F.2d Judge Magruder makes the following comment:

"Where a plaintiff sues on a claim founded upon the general maritime law, if he sues on the law side of a federal district court it is a case which 'arises under the Constitution' within the meaning of § 1331; and if he sues in a state court it is a case in which a right 'is specially set up or claimed under the Constitution' within the meaning of § 1257(3)."

Although the complaints do not specifically set forth the amounts claimed to be due from each of the defendants in the several actions, it is clear from an examination of the allegations in the complaints and the policies of insurance attached to the complaints and incorporated therein, that the amount demanded of each of the defendants is obviously in excess of $3,000. Accordingly the amount in controversy satisfies Section 1331.

■ I am of the opinion, therefore, that plaintiff's claims in both actions arise under the Constitution of the United States and have been properly removed to the Federal Court in accordance with Section 1441(b).

In view of this determination I find it unnecessary to decide whether the removal to the Federal Court was proper under Section 1441(c).

The motions to remand are accordingly denied. Settle orders.

---

1. See also Jansson v. Swedish American Line, 1 Cir., 1950, 185 F.2d 212, 30 A.L.R. 2d 1385; cf. Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662. But Judge Magruder carefully considered Jordine in the Doucette case and properly analyzed and distinguished the authorities relied upon in Jordine.