Martin **WUNDERLICH**, Plaintiff,

v.

**NETHERLANDS INSURANCE CO.**, Com-mercial Union Assurance Company, Limited, Insurance Company of North America, Aetna Insurance Company of Hartford, Home Insurance Company of New York and Atlantic Mutual Insur-ance Company, Defendants.

United States District Court
S. D. New York.

Nov. 19, 1954.

878

Dow & Symmers, New York City, Frederick Fish, William Warner, New York City, of counsel, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, Leonard J. Matteson, Julian S. Gravely, Jr., New York City, of counsel, for petitioner-defendants.

WEINFELD, District Judge.

Plaintiff moves pursuant to 28 U.S.C. § 1447 to remand this action to the Supreme Court of the State of New York, from whence it was removed on the joint petition of all defendants.

Plaintiff seeks to recover damages for breach of three separate policies of marine insurance issued on a sea-going vessel, under which each of the six defendants assumed a fractional share of liability. The assured vessel was en route from Belize, Honduras, to Galveston, Texas when the alleged damage occurred.

The complaint asserts a separate cause of action against each defendant which in each instance is in excess of $3,000.

The plaintiff is a citizen of California. Two of the defendants are citizens of the State of New York. The remaining four are either citizens of other states or subjects of other nations. Plaintiff contends that since two of the defendants are citizens of New York, the state in which the action was originally brought, there was no right of removal under 28 U.S.C. § 1441(b). The defendants on the other hand, relying upon the same section, urge that removal was proper since the claim asserted arises under the Constitution or laws of the United States.

Section 1441(b) reads as follows:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Thus, the question posed is whether or not this Court has original jurisdiction of this action under 28 U.S.C. § 1331:

"Federal question; amount in controversy. The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States. June 25, 1948, c. 646, 62 Stat. 930."

These policies of marine insurance are maritime contracts, and hence the rights and liabilities of the parties thereunder are governed by the rules of maritime law even though the proceeding was instituted in a common law court.[1]

1. Chelentis v. Luckenbach S. S. Co., 247 U.S. 372, 384, 38 S.Ct. 501, 62 L.Ed. 1171; Carlisle Packing Co. v. Sandanger, 259 U.S. 255, 259, 42 S.Ct. 475, 66 L.

But the question of whether a suit under the general maritime law is one arising under Article III, Section 2 of the Constitution [2] and hence governed by 28 U.S. C. § 1331, has been the subject of considerable judicial dispute. The Courts of Appeals for the First and Third Circuits have reached opposite results [3] and the Supreme Court has not as yet ruled on the question.[4] Within this circuit disagreement also exists among those of my colleagues who have had occasion to consider the question.[5]

With the law in this unsettled state, and with the opposing views fully discussed in Jordine v. Walling, 3 Cir., 185 F.2d 662 and Doucette v. Vincent, 1 Cir., 194 F.2d 834, I do not feel that an extended discussion of the authorities would serve any useful purpose. In the absence of a ruling by our own Court of Appeals, I am persuaded that Judge Magruder's opinion in Doucette v. Vincent, supra, correctly states the law.[6] After a careful review of the authorities, he held that claims under the general maritime law arise under the Constitution within the meaning of 28 U.S.C. § 1331.[7]

Since the claim arises under the Constitution, and the amount in controversy between the plaintiff and each defendant exceeds $3,000, the case meets the original jurisdiction requirements of Section 1331 and is subject to removal under 28 U.S.C. § 1441(b). But plaintiff insists that the action is non-removable in any event by reason of the saving to suitors clause, 28 U.S.C. § 1333, which now provides:

> "The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> "(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
>
> "(2) * * * *"

Plaintiff takes the position that the clause saves to suitors the right to a common law remedy in any common law court of competent jurisdiction, and consequently he has an absolute right to his remedy in the state court.

As originally drafted the saving to suitors clause saved "a common law rem-

---

Ed. 927; Insurance Company v. Dunham, 11 Wall. 1, 20 L.Ed. 90; DeLovio v. Boit, C.C.Mass., Fed.Cas.3,776, 2 Gall. 398; Jeffcott v. Aetna Ins. Co., 2 Cir., 129 F.2d 582; Wilburn Boat Co. v. Fireman's Fund Ins. Co., 5 Cir., 201 F.2d 833, 835; Compania Maritima Ador v. New Hampshire Fire Ins. Co., D.C.S.D. N.Y., 120 F.Supp. 577.

2. "Section 2. The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority * * * to all Cases of admiralty and maritime Jurisdiction * * *."

3. Compare Doucette v. Vincent, 1 Cir., 194 F.2d 834; Jansson v. Swedish American Line, 1 Cir., 185 F.2d 212, with Jordine v. Walling, 3 Cir., 185 F.2d 662. See also, Mullen v. Fitz Simons & Connell Dredge & Dock Co., 7 Cir., 191 F. 2d 82, following Jordine v. Walling, supra.

4. See Pope & Talbot v. Hawn, 346 U.S. 406, 410, footnote 4, 74 S.Ct. 202.

5. Compare Compania Maritima Ador v. New Hampshire Fire Ins. Co., D.C.S.D. N.Y., 120 F.Supp. 577, with Paduano v. Yamashita Kisen Kabushiki Kaisha, D.C. E.D.N.Y., 120 F.Supp. 304; Compania Maritima Ador v. Institute of London Underwriters, D.C.S.D.N.Y., Civ. No. 92–239, April 30, 1954.

6. Cf. La Fontaine v. The G. M. McAllister, D.C.S.D.N.Y., 101 F.Supp. 826, 827, footnote 1; Note, 66 Harv.L.Rev. 314 (1952).

7. To hold otherwise would be to rest Federal jurisdiction in non-diversity maritime cases on plaintiff's determination as to whether or not he desired a jury trial. Indeed, in Jordine v. Walling, 3 Cir., 185 F.2d 662, the Court of Appeals for the Third Circuit, after holding that the District Court was without jurisdiction on the law side, transferred the case to the admiralty side, leaving it to the trial judge to reach his own determination of the facts on the evidence previously presented to the jury.

edy, where the common law is competent to give it"[8] and the Reviser's Note indicates that no change in substance was intended by the change in wording. The plain meaning of the statute in both its original and revised form is that suitors may retain other available remedies if they prefer them to those supplied in admiralty. As the Supreme Court stated in Waring v. Clarke, 5 How. 441, 460–461, 12 L.Ed. 226:

> "In respect to the ninth section of the Judiciary Act,—'saving and reserving to suitors in all cases a common law remedy where the common law is competent to give it,'—we remark, its meaning is, that in cases of concurrent jurisdiction in admiralty and common law, the jurisdiction of the latter is not taken away. The saving is for the benefit of suitors, plaintiff and defendant, when the plaintiff in a case of concurrent jurisdiction chooses to sue in the common law courts, so giving to himself and the defendant all the advantages which such tribunals can give to suitors in them."

Plaintiff argues that since the state court has concurrent jurisdiction under the saving to suitors clause, removal to this court would undermine the statute. Granting that the premise may be sound and there is concurrent jurisdiction in the Federal and the State Courts in matters pertaining to marine insurance policies,[9] nonetheless plaintiff's conclusion does not follow. If requisite diversity were present removal would follow without regard to the saving to suitors clause.[10] No reason is suggested why one ground of removal should be given less effect than another.[11] It is therefore, hard to see why the saving to suitors clause should assume such paramount importance merely because jurisdiction is based on one provision of the removal statute rather than another.

Moreover, plaintiff's argument misconceives the purpose of the saving clause. It did not give plaintiff an absolute choice of forum, but rather limited the exclusive grant of admiralty and maritime jurisdiction to the Federal Courts by preserving plaintiff's choice between common law and admiralty remedies.[12] As succinctly stated in The Moses Taylor: "It is not a remedy in the common-law courts which is saved, but a common-law remedy."[13] Since plaintiff may ob-

8. 1 Stat. 77.

9. Schoonmaker v. Gilmore, 102 U.S. 118, 26 L.Ed. 95; Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582; Engel v. Davenport, 271 U. S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Panama R. R. v. Vasquez, 271 U.S. 557, 46 S.Ct. 596, 70 L.Ed. 1085; but cf. The Belfast, 7 Wall. 624, 643, 19 L.Ed. 266.

10. Pope & Talbot v. Hawn, 346 U.S. 406, 410, footnote 4, 74 S.Ct. 202; Chelentis v. Luckenbach S. S. Co., 247 U.S. 372, 38 S. Ct. 501, 62 L.Ed. 1171; Meyers v. Pittsburgh S. S. Co., 6 Cir., 165 F.2d 642; Crane v. Pacific Steamship Co., D.C.Or., 272 F. 204.

11. There is, in fact, considerable evidence to support the view that both the grant of diversity and federal question jurisdiction sprang from similar apprehension of local attitudes. Bergman, Reappraisal of Federal Question Jurisdiction, 46 Mich. L.Rev. 17 (1947).

12. The Belfast, 7 Wall. 624, 644, 19 L.Ed. 266.

13. 4 Wall. 411, 431, 18 L.Ed. 397; Chelentis v. Luckenbach S. S. Co., 247 U.S. 372, 383–384, 38 S.Ct. 501, 62 L.Ed. 1171; Knapp Stout & Co. v. McCaffrey, 177 U.S. 638, 644, 20 S.Ct. 824, 44 L.Ed. 921; Note 66, Harv.L.Rev. 314, 318 (1952). See also, The Belfast, 7 Wall. 624, 19 L.Ed. 266; Leon v. Galceran, 11 Wall. 185, 20 L.Ed. 74; Steamboat Co. v. Chase, 16 Wall. 522, 21 L.Ed. 369; Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813, is not to the contrary. For while that case denied the right to removal, the decision is based on an interpretation of Section 6 of the Employers' Liability Act, 36 Stat. 291, c. 143, 45 U.S. C.A. § 156, as barring removal of cases under the Merchant Marine Act, 41 Stat. 988, c. 250, 46 U.S.C.A. § 861 et seq., when brought in a state court of competent jurisdiction, and not on an interpretation of the saving to suitors clause.

tain a common-law remedy on the law side of the Federal Court as well as in the state court, the saving to suitors clause is satisfied and it cannot be invoked to prevent removal.

This disposition makes it unnecessary to consider defendants' further contention that each of the plaintiff's claims constitutes a separate and independent cause of action which would be removable if sued upon alone and hence removal was proper under 28 U.S.C. § 1441(c).

The motion is denied.

Settle order on notice.

And the same is true of Panama R. R. v. Vasquez, 271 U.S. 557, 46 S.Ct. 596, 70 L.Ed. 1085, which simply ruled that the saving clause gave plaintiff the choice of suing in either the Federal or State Courts. It did not hold that the exercise of this choice foreclosed removal.