**Pearlena WALLS, Plaintiff,**

**v.**

**The CITY OF NEW YORK and Compagnie Maritime Belge, Defendants.**

**Civ. No. 17852.**

United States District Court
E. D. New York.

Nov. 15, 1957.

4

Sidney Sigelman, Staten Island, for plaintiff.

Hill, Betts & Nash, New York City, for defendant Compagnie Maritime Belge.

Peter C. Brown, Corp. Counsel, New York City, for City of New York.

ZAVATT, District Judge.

The plaintiff moves for an order remanding this case to the City Court of the City of New York, County of Richmond, on the ground that it was improperly removed to this court on the petition of the defendant Compagnie Maritime Belge. The defendant Compagnie Maritime Belge moves to transfer this case from this court to the United States District Court for the Southern District of New York on the ground of convenience.

The complaint in the action instituted by the plaintiff in the City Court alleges a common law action against both defendants for a maritime tort, to wit, that while plaintiff was a passenger on a ferryboat owned by the defendant The City of New York, on October 26, 1956, the said ferryboat and a vessel of the defendant Compagnie Maritime Belge collided, as a result of which the plaintiff sustained personal injuries and was dam-

aged to the extent of $6,000. It alleges that the collision and the plaintiff's injuries were caused by the negligence of both defendants; that the plaintiff has complied with the provisions of the Charter of the City of New York by filing a notice of her claim against and intention to sue the defendant The City of New York; that the said City has failed and refused to adjust said claim and that the action was commenced as against the City within one (1) year after the cause of action accrued; that the defendant The City of New York is a municipal corporation organized and existing under and by virtue of the laws of the State of New York and that the defendant Compagnie Maritime Belge is a foreign corporation organized and existing under and by virtue of the laws of Belgium. The petition for removal recites that the defendant Compagnie Maritime Belge was served with a copy of the summons and complaint on July 17, 1957. The attorney for the plaintiff has advised this court by letter that a copy of the summons and complaint were served upon the defendant The City of New York on July 16, 1957.

After both defendants had been so served and on July 26, 1957, the defendant Compagnie Maritime Belge filed with the Clerk of this court its petition for removal of the said action (then pending in said City Court) to this court. The court has been advised by the attorneys for the petitioner that petitioner complied with the removal procedure prescribed by 28 U.S.C. § 1446 and that the papers which it filed with the Clerk of the said City Court on July 29, 1957 are so filed under Index No. 11141–1957. In its petition, petitioner claimed that the action in the City Court was removable to this court because (1) the action is one of which this court has original jurisdiction, and (2) the action is one "wholly between residents of different states". 28 U.S.C. §§ 1332, 1441.

The action does not arise under the Constitution, laws or treaties of the United States (28 U.S.C. § 1331), nor is it removable as a "civil case of admiralty or maritime jurisdiction" (28 U.S.C. § 1333) in the absence of diversity of citizenship. This aspect of the problem is fully treated in the scholarly opinion of our distinguished colleague, Judge Walter Bruchhausen, in Paduano v. Yamashita Kisen Kabushiki Kaisha, D.C.E.D. N.Y.1954, 120 F.Supp. 304, affirmed 2 Cir., 1955, 221 F.2d 615.

The removal of the action to this court can be sustained only if the action is between citizens of different states (28 U.S.C. § 1332(a) (1), and none of the parties in interest joined and served as defendants is a citizen of the State of New York. 28 U.S.C. § 1441(b); Schatte v. International Alliance, D.C. Cal.1949, 84 F.Supp. 669, 674. The presumption is against jurisdiction on every motion to remand a case to the state court in which it originated. And if the right of removal is in doubt jurisdiction of this court should be denied. Cudney v. Midcontinent Airlines, Inc., D.C.E.D.Mo., 98 F.Supp. 403. A municipal subdivision of a state, such as a county, city, town or school district, having a separate corporate entity, is a citizen of that state for purposes of determining diversity of citizenship. State of Oklahoma ex rel. Williams v. Oklahoma Natural Gas Corporation, 10 Cir., 1936, 83 F.2d 986; American Hospital Sup. Corp. v. York County Inst. Dist., D.C.Pa.1954, 123 F.Supp. 187. The City of New York is a citizen of the State of New York for purposes of removal under 28 U.S.C. § 1441(b). It follows, therefore, that this action is not removable because one of the parties in interest joined and served as a defendant is a citizen of the state in which this action was brought (28 U.S.C. § 1441(b)) and, therefore, this court has no jurisdiction over the action. Olsen v. Jacklowitz, 2 Cir., 1935, 74 F.2d 718.

The petition for removal is defective on another ground. Since both defendants were served in the state action, both of them should have joined in the petition for removal, especially since the plaintiff asserts joint liability in one cause of action. "Ordinarily, all indispensable defendants over whom the state

**6**

court has acquired jurisdiction must join in a petition for removal * * * ." (Federal Practice and Procedure, Barron & Holtzoff, Vol. 1, § 107, page 194.) Both defendants in this state action are indispensable parties. Leadman v. Fidelity & Casualty Co. of New York, D.C. S.D.West Va.1950, 92 F.Supp. 782. In the instant case the removal was, on the face of the pleadings, improper because the cause of action alleged therein asserts a joint liability and both defendants had been served before the petition to remove had been duly filed and removal effected. Barnes v. Parker, D.C.W.D.Mo.1954, 126 F.Supp. 649.

In view of the foregoing, it is obvious that the motion of the defendant Compagnie Maritime Belge to remove this action to the United States District Court for the Southern District of New York must be and the same is hereby denied. The motion of the plaintiff to remand this case to the City Court of the City of New York, County of Richmond, is granted. The attorney for the plaintiff will settle order on notice.