William L. CRAWFORD and Alma Crawford, Libelants,

v.

The EAST ASIATIC COMPANY, Inc., a California corporation, et al., Respondents.

No. 27521.

United States District Court, N. D. California, S. D.

Nov. 25, 1957.

James Martin MacInnis, San Francisco, Cal., for libelants.

Lillick, Geary, Wheat, Adams & Charles, by Mark Hamilton, San Francisco, Cal., for respondents.

OLIVER J. CARTER, District Judge.

William Crawford, a longshoreman, and his wife, both California citizens, initiated this action in the California Superior Court for injuries sustained

by the husband while working aboard the vessel S.S. Morella, then docked at the Port of Stockton, California, for the unloading of its cargo. Complaining of both negligence and unseaworthiness, the plaintiffs named these parties as defendants: East Asiatic Company, Inc., alleged to be a California corporation and the operator of the vessel; The East Asiatic Company, Ltd., alleged to be a Danish corporation and the owner of the vessel; and three fictitious defendants, whose citizenship does not appear.

East Asiatic Company, Inc., the California corporation, removed the action to the admiralty side of this Court, and the plaintiffs filed a motion to remand.

There is but one problem: does the removal statute, 28 U.S.C. § 1441, authorize the removal of this action into the district court. Section 1441, excepting subdivision (c) which is not involved here, provides as follows:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

The original jurisdiction required by subdivision (a) is present by virtue of 28 U.S.C. § 1333(1), which gives the district courts exclusive original jurisdiction in "(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

The argument made in support of the motion to remand is that Congress has "otherwise expressly provided" against removal, within the meaning of the opening clause of § 1441(a), by its enactment of the "saving to suitors" clause, which is part of § 1333 set out above. This same contention was made but expressly rejected by this Court in the earlier case of Davis v. Matson Navigation Company, D.C.Cal.1956, 143 F. Supp. 537. Counsel for plaintiffs here has urged the Court to reconsider this earlier ruling, claiming that such a construction of the removal statute emasculates the "saving to suitors" clause, and deprives the litigant of the jury trial afforded him by the common law remedy which he would otherwise have in the state court; it is further urged that Judge Mathes of the Southern District of California reached a result contrary to the Davis case in the later case of Hill v. United Fruit Company, D.C.Cal. 1957, 149 F.Supp. 470.

The Court has reconsidered carefully the problem raised in this and the earlier Davis case, and now reaffirms the earlier ruling so far as it held that the "saving to suitors" clause does not operate as an express provision to the contrary, within the meaning of § 1441(a) of Title 28. The "saving to suitors" language says nothing about a right to sue in a state court, nor does it contain any reference to removal of a state action. It cannot, therefore, be treated as an *express* provision by Congress against removal. The discussion in Wunderlich v. Netherlands Ins. Co., D.C.N.Y.1954, 125 F.Supp. 877, and cases therein cited, adequately dispose of this contention.

Moreover, after an analysis of the removal statute, § 1441 supra, the Court has concluded that, properly construed, it does not operate to deprive the litigant of his common law remedy under the "saving to suitors" clause. Subdivision (b) of § 1441 says that unless

the action arises under the Constitution, treaties, or laws of the United States, it shall be removable *only* if none of the defendants, properly joined and served, are citizens of the State in which the action is brought. Subdivision (b) is a part and parcel of the removal statute, and must be complied with as well as subdivision (a). Monroe v. United Carbon Co., 5 Cir., 1952, 196 F.2d 455; Irvin Jacobs & Co. v. Levin, D.C.Ohio 1949, 86 F. Supp. 850, affirmed in Levin v. Jacobs, 6 Cir., 1950, 180 F.2d 356; Chevrier v. Metropolitan Opera Ass'n, D.C.N.Y.1953, 113 F.Supp. 109; Marshall v. Navco, D. C.Tex.1957, 152 F.Supp. 50. To the extent that this Court's earlier decision in Davis v. Matson Navigation Co., supra, suggests that only subdivision (a) must be complied with to effect a successful removal, the decision must be qualified.

■ In the case presently before the Court, the action was removed from the California court by East Asiatic Company, Inc., a California corporation. The removal was obviously improper under subdivision (b) of § 1441 unless the action is one " * * * arising under the Constitution, treaties or laws of the United States * * *."

There are a multitude of cases where a suit based upon unseaworthiness was instituted on the *law* side of the United States District Court, and because no diversity of citizenship was present, the plaintiff contended that the district court had original jurisdiction under 28 U.S.C. § 1331. That Section provides that the district courts shall have original jurisdiction if the matter involved exceeds $3,000 and the action "arises under the Constitution, laws or treaties of the United States." Again and again the Courts have held that no jurisdiction existed on the law side, ruling that an action arising under the maritime law is not one "arising under the Constitution, laws or treaties of the United States." Modin v. Matson Nav. Co., 9 Cir., 1942, 128 F.2d 194; Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662; Mullen v. Fitz Simons & Connell Dredge & Dock Co., 7 Cir.,

1951, 191 F.2d 82; Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 1955, 221 F.2d 615; Zapien v. Koninklijke Rotterdamasche Lloyd, D.C.Cal.1953, 130 F.Supp. 453; Ratto v. Pacific Transport Lines, Inc., D.C.Cal.1955, 131 F.Supp. 117; Melleck v. Oliver J. Olson & Co., D.C.Cal.1957, 149 F.Supp. 481; Meikle v. Leeds Shipping Co., Ltd., D.C.Va.1957, 152 F.Supp. 206. Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, has ruled otherwise, but in view of the contrary rulings in this district and circuit, it will not be followed here.

■ In view of the fact that the "cases arising under" language found in § 1441(b) is identical with the original jurisdiction language found in § 1331, and the fact that § 1441 functions only with reference to the original jurisdiction sections, it is palpably clear that the "cases arising under" language in § 1441(b) refers to the same class of cases covered by § 1331. This action then, based on unseaworthiness and arising under the maritime law, cannot be removed from the state court as an action " * * * arising under the Constitution, treaties or laws of the United States * * *." It is removable therefore, only if *none* of the defendants, properly joined and served, are citizens of the State in which the action is brought. This action having been brought in a California court, it was clearly improper for a California corporation to remove it to the District Court.

It follows from what has been said here that the common law remedies afforded a plaintiff under the "saving to suitors" clause are not disrupted by the removal statute. If diversity of citizenship exists between the parties, the common law remedy is available to the plaintiff on the law side of the district court. Williams v. Tide Water Associated Oil Co., 9 Cir., 1955, 227 F.2d 791. But if anyone of the defendants are citizens of the state in which the action is brought, thus destroying the likelihood of diversity jurisdiction, plaintiff can sue in the state court and cannot be re-

moved to the district court. The latter is the situation existing here.

Accordingly, It Is Ordered that this action be, and the same hereby is remanded to the Superior Court of the State of California, in and for the City and County of San Francisco.