James O. KEMP and John M. Jackson, Plaintiffs,

v.

CITY OF LOS ANGELES, Standard Oil Company of California, Matson Navigation Company, Ben C. Gerwick, Inc., Does I Through X, Inclusive, Defendants.

No. 1211–58.

United States District Court
S. D. California,
Central Division.
Jan. 12, 1959.

Roger Arnebergh, City Atty., Arthur W. Nordstrom, Asst. City Atty., Los Angeles, Cal., C. N. Perkins, Deputy City Atty., San Pedro, Cal., Walter C. Foster, Deputy City Atty., Los Angeles, Cal., for petitioner, City of Los Angeles.

Bolton, Groff & Dunne, Los Angeles, Cal., for libelants.

BYRNE, District Judge.

Kemp and Jackson filed an action in the Municipal Court of Los Angeles Judicial District alleging that negligence of the defendants was the proximate cause of damage to their sloop and schooner in the sum of $438.50, and praying for judgment in that amount.

The defendant City of Los Angeles filed a petition for the removal of the case to the United States District Court "pursuant to § 1441(b) of Title 28 of the

United States Code". § 1441(b) reads as follows:

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

■ If this is an action arising under the Constitution, treaties or laws of the United States, it may not be removed as the jurisdictional requirement of $10,000.00, exclusive of interest and costs, is not present (see 28 U.S.C. § 1331). If it is not such an action, it may not be removed since at least one of the defendants (City of Los Angeles) is a citizen of the state in which the action is brought. See 28 U.S.C. § 1441(b), supra. If the action is one in admiralty under 28 U.S.C. § 1333 it is not a case which "[arises] under the Constitution, treaties or laws of the United States" within the meaning of § 1441(b). Paduano v. Yamashita, 2 Cir., 221 F.2d 615.

The City's petition includes an allegation that the action is one of which the United States District Courts have original jurisdiction in admiralty in that the plaintiffs seek to recover a money judgment for damages occurring to their vessels while the vessels were in navigable waters in Los Angeles Harbor. Section 1333 of Title 28 of the United States Code provides in part:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

■■ It should be observed that it is basic for removal that there be jurisdiction of the state court from which removal is sought as well as original jurisdiction in the district courts of the United States had the action initially been brought there. Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509. If this were an admiralty action within the meaning of § 1333, the United States District Court's jurisdiction would have been exclusive and the state court would not have had jurisdiction which was necessary for removal.

■ Under the "saving to suitors" clause of § 1333, suits in personam based on maritime torts may be brought in state courts in the same manner as any common law negligence case. Madruga v. Superior Court, 346 U.S. 556, 74 S. Ct. 298, 98 L.Ed. 290. The plaintiff here exercised his option under the "savings to suitors" clause and filed a common law negligence action in the state court which cannot be removed to the law side of the United States District Court as the jurisdictional amount of $10,000 exclusive of interest and costs is not present. Nor may it be removed to this Court sitting as a Court of Admiralty as to permit such a removal would nullify the "saving to suitors" clause of § 1333 and deny the plaintiff the exercise of his option of remedies. See Hill v. United Fruit Company, D.C., 149 F.Supp. 470, and cases there cited.

It appearing to the Court that the case was improvidently removed from the State Court,

It Is Ordered upon the Court's own initiative, 28 U.S.C. § 1447, that this case is remanded to the Municipal Court of Los Angeles Judicial District, and that the Clerk serve a certified copy of this Order upon the Clerk of that Court.

It Is Further Ordered that the Clerk serve copies of this Order by United States mail upon the attorneys for the parties appearing in the case.