181 So.2d 879 (1966)
Arthur ANDERS d/b/a Arthur Anders' Antiques
v.
Kenneth Gordon POLAND.
No. 2033.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1966.
*880 Deutsch, Kerrigan & Stiles, Rene S. Paysse, New Orleans, for plaintiff-appellant.
Phelps, Dunbar, Marks, Claverie & Sims, J. Barbee Winston, New Orleans, for defendant-appellee.
Before YARRUT, HALL and BARNETTE, JJ.
BARNETTE, Judge.
Plaintiff brought suit against defendant, an individual insurance underwriter at Lloyd's London, on a policy of marine insurance issued by defendant on a cargo of antiques shipped by plaintiff from Liverpool, England, to New Orleans aboard the S. S. "Tyson Lykes" in March, 1963.
Defendant denied liability under the policy for any damage to the cargo insured and subsequently moved for a summary judgment. Plaintiff took the deposition of the Chief Officer of the vessel at the time of the voyage, Sten O. B. Johnsson, holder of a Master Unlimited license and a seaman with 30 years experience. Johnsson was questioned by counsel for both plaintiff and defendant during the taking of the deposition. The district judge granted defendant's motion for summary judgment on March 4, 1965, and plaintiff appeals.
An examination of the record reveals that this suit is one for which the use of summary judgment procedure was appropriate. There is no real issue of fact, and the only question of law pertains to application of a clause of the marine insurance policy to the facts as established. Chief Officer Johnsson stated in his deposition that the damage to the cargo resulted from high seas and heavy weather which the vessel encountered in the North Atlantic after departing Liverpool. One of the two crates in which the antiques were packed broke loose from its shorings and fell over, and items were damaged in the other crate, as a result of the rolling of the vessel in the heavy sea. Chief Officer Johnsson further stated that, although the weather was very bad it was to be expected in that area at that time of year.
The provision of the policy on which plaintiff seeks recovery indemnifies for loss resulting from "* * * ALL RISKS * * * EXCLUDING breakage scratching and bruising unless caused by * * * accident to vessel or conveyance". Plaintiff contends that the bad weather encountered was fortuitous and hence should be considered an accident to the vessel.
*881 To interpret the disputed clause and the law applicable, we must rely on general maritime law which governs policies of marine insurance. Insurance Co. v. Dunham, 78 U.S. (11 Wall.) 1, 20 L.Ed. 90 (1870); Chelentis v. Luckenbach S. S. Co., 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171 (1918); Wunderlich v. Netherlands Ins. Co., 125 F.Supp. 877 (S.D.N.Y.1954).
An examination of case and textual authorities shows that the clause under which plaintiff seeks to recover is a concise legal statement of the historical purpose of marine insurance. The "all risk" clause purports to cover loss from the casualties of the sea. It does not indemnify for losses occasioned by the ordinary circumstances of a voyage, but rather indemnifies the insured for loss resulting from extraordinary and fortuitous events. Insurance Co. v. Dunham, supra, 78 U.S. at p. 30; Coles v. Marine Ins. Co., 6 Fed.Cas. p. 65 (No. 2988) (C.C.D.Pa.1812); Mellon v. Federal Ins. Co., 14 F.2d 997 (S.D.N.Y. 1926); Boat Service Co. v. National Union Fire Ins. Co., 191 So. 707 (La.App.Orleans 1939); 44 C.J.S. Insurance § 30 (1945).
"A marine policy protects against extraordinary accidents and perils, but not against natural decay and ordinary wear and tear. A loss by ebbing of a tide, if extraordinary in nature, may be a loss by perils of the sea, rather than mere wear and tear. The same distinction is drawn between ordinary sea wear and unusual hazards encountered, such as unusual violence of wind and wave, or running on rocks.
"* * * Generally, it is considered that the policy is intended to cover only `risks' and not certainties, of which ordinary wear and tear would be the most common. Even under an `all risk' policy, there must be a fortuitous event to impose liability. * * *" (Emphasis added.) 5 Appleman, Insurance Law and Practice § 3272 (1941).
We conclude that the summary judgment was properly granted. The evidence clearly reveals that the weather conditions were to be expected on the voyage of the SS. "Tyson Lykes". Plaintiff contends that the heavy sea was an accident in that it was fortuitous in nature. But the difficulty encountered by the vessel was not an unusual hazard; it was not an extraordinary peril; it was not an accident to the vessel within the meaning of the policy clause.
The judgment of the district court granting the motion for summary judgment and dismissing the plaintiff's demand at his cost is affirmed. Plaintiff is to pay the cost of this appeal.
Affirmed.