Ned J. NESTI, Plaintiff,

v.

**ROSE BARGE LINES, INC.,** Defendant and Third-Party Plaintiff,

v.

**ARCHER–DANIELS MIDLAND COMPANY,** a corporation, Third-Party Defendant and Third-Party Plaintiff,

v.

**JOLIET MARINE SUPPLY & REPAIR SERVICE, INC.,** a corporation, and Columbian Rope Company, a corporation, Third-Party Defendant.

No. 70 C 2518.

United States District Court,
N. D. Illinois, E. D.

March 31, 1971.

John J. Kennelly, Chicago, Ill., James D. Hurley, Jr., LaSalle, for plaintiff.

John W. Hough, Robert A. Creamer, Bradley, Eaton, Jackman & McGovern, Price, Cushman, Keck & Mahin, Kralovec, Sweeney, Marquard & Scoby, McBride, Baker, Wienke & Schlosser, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NAPOLI, District Judge.

This civil action was removed to this court from the Circuit Court of Cook County, Illinois, where it has been pending since 1966, by the third-party defendant Archer-Daniels Midland Company ("Midland"). Plaintiff, Nesti, has moved to remand this case to the state court. The original defendant and the other third-party defendants who were impleaded by Midland did not join the removal petition nor have they participated in consideration of this motion. After careful and diligent examination of the motion and memoranda in support thereof and in opposition thereto, the authorities cited therein and the court's own research, the court has reached the conclusion that plaintiff's motion must be granted.

Plaintiff is a longshoreman who suffered personal injuries in the course of his employment and complained in his state court case of the unseaworthiness of the vessel in question and of the maritime tort of negligence. It is Midland's contention that this court has exclusive jurisdiction over the subject matter of this cause due to its admiralty nature and 28 U.S.C. § 1333 which reads in pertinent part as follows:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> (1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*

(Emphasis Added)

The pertinent portion of the removal statute, 28 U.S.C. § 1441 reads:

> (a) *Except as otherwise expressly provided by Act of Congress,* any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) *Any civil action* of which the district courts have original jurisdiction *founded on a claim or right arising under the Constitution, treaties or laws* of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(Emphasis Added)

■■ While it was once argued that § 1333(1) constituted the express exception to § 1441(a) and barred removal, this claim has been soundly disposed of in Crawford v. East Asiatic Co., 156 F. Supp. 571 (N.D.Calif.1957). Midland's claim that this court has exclusive jurisdiction is also no longer accepted as a correct statement of the law. In Chambers-Liberty Counties Nav. Dist. v. Parker Bros. & Co., 263 F.Supp. 602 (S.D. Tex.1967) the court held that with the

172

exception of those cases which were inherently maritime such as an *in rem* proceeding, the federal courts enjoyed only concurrent jurisdiction with state courts under the "saving to suitors clause" of Sec. 1333(1). See also Kemp v. City of Los Angeles, 172 F.Supp. 66 (S.D.Calif.1959). This is due to the fact that a common law action, separate and apart from the admiralty action, exists and is saved to the suitor by this clause. Romero v. International Terminal Operating Co., 358 U.S. 354, 363, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).

■ For removal to be proper, the requirements of both subsections (a) and (b) of § 1441 must have been fulfilled. *Crawford, supra.* Under subsection (b) if the case does not arise under the Constitution, treaties or laws of the United States, then independent federal jurisdiction must exist. *Crawford, supra,* and Hill v. United Fruit Co., 149 F. Supp. 470 (S.D.Calif.1957). An admiralty or maritime action springs from the maritime law which developed prior to and independent of our Constitution and is, therefore, not a case "arising under the Constitution, treaties or laws of the United States." *Romero, supra,* 358 U.S. at 368, 79 S.Ct. at 468 and Scurlock v. American President Lines, 162 F. Supp. 78 (N.D.Calif.1958). Thus, under subsection (b) of § 1441, this action is not removable if one of the parties in interest properly joined and served as defendants is a citizen of Illinois. Midland has failed to carry its burden of establishing that such is not the case. Also, since this action is primarily one seeking damages for personal injuries, which has been saved by the saving to suitors clause of 1333(1) diversity of jurisdiction would be necessary for this court to have jurisdiction. *Crawford, supra;* *Hill, supra;* Victorias Milling Co. v. Hugo Neu Corp., 196 F. Supp. 64 (S.D.N.Y.1961); and Walls v. City of New York, 156 F.Supp. 3 (E.D. N.Y.1957). See generally Paduano v. Yamashita Kisen Kabushiki Kaisha, 120 F.Supp. 304 (E.D.N.Y.1954) aff'd 221 F.2d 615 (2nd Cir. 1955). It must be re-

membered the 1948 revision of 1441(a) indicated an "important purpose" of Congress "to limit removal from state courts", American Fire & Cas. Co. v. Finn, 341 U.S. 6, 9–10, 71 S.Ct. 534, 538, 95 L.Ed. 702 (1951) and that the Supreme Court has emphasized that the removal statutes are to be strictly construed, stating that "the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. * * * Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L. Ed. 1214 (1941).

The court is of the further opinion that removal is not proper by Midland under 1441(c) by virtue of its decision in Holloway v. Gamble-Skogmo, Inc., 274 F.Supp. 321 (N.D.Ill.1967).

In accordance with the foregoing, plaintiff's motion is granted and the cause is hereby ordered remanded to the Circuit Court of Cook County, Illinois, County Department, Law Division.