J. J. RYAN & SONS, INC., and S. C.
F. Foods, Inc., Plaintiffs,

v.

CONTINENTAL INSURANCE COM-
PANY, Defendant.

Civ. A. No. 73–1582.

United States District Court,
D. South Carolina,
Greenville Division.

Heard Jan. 23, 1974.

Decided Jan. 28, 1974.

F. Dean Rainey, Jr., of Rainey, Fant & McKay, P. A., Greenville, S. C., for plaintiffs.

Larry D. Estridge, of Wyche, Burgess, Freeman & Parham, P. A., Greenville, S. C., for defendant.

## ORDER ON PLAINTIFF'S MOTION TO REMAND TO STATE COURT

HEMPHILL, District Judge.

This action was originally brought in the County Court of Greenville County, South Carolina, seeking recovery of $6,710.31, plus interest and costs, for alleged losses under a contract of insurance with defendant which allegedly covered losses and damage to plaintiffs' goods in shipment.

On November 29, 1973, defendant filed a petition with the state court for removal to the federal district court. The petition was founded on 28 U.S.C. § 1441(a) and (b)[1], asserting that the case is one of which the District Courts of the United States have original jurisdiction.

The action filed by plaintiff is a claim based on a marine insurance policy, and as such, defendant argues, is within the original admiralty jurisdiction of the federal district courts under 28 U.S.C. § 1333(1)[2]. It is a well established principal that a contract of maritime insurance is a contract within the admiralty jurisdiction of the federal district courts. New England Mut. Marine Insurance Co. v. Dunham, 78 U.S. (11 Wall.) 1, 20 L.Ed. 90 (1870).

Removal to the federal district court under 28 U.S.C. § 1441 was accomplished upon filing of the petition and

---

1. 28 U.S.C. § 1441. Actions removable generally.

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

2. 28 U.S.C. § 1333. Admiralty maritime and prize cases.

The district courts shall have original jurisdiction, exclusive of the courts of the states of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

appropriate supporting documents. Plaintiff now moves to remand this action back to the state court on the grounds that it was erroneously removed. Defendant, seeking to proceed in this forum, has the burden of establishing its right to do so.

## DEFENDANT'S POSITION

Defendant contends that since the federal district courts have original jurisdiction in actions of this type, the action is removable pursuant to 28 U.S.C. § 1441(a) and (b). Defendant interprets the second sentence of § 1441(b) to provide that any action of which the district courts have original jurisdiction, and which is not founded on a claim or right arising under the Constitution, treaties, or laws of the United States, shall be removable only if none of the parties properly joined and served as defendants is a citizen of the state in which such action is brought. It is undisputed that defendant is not a citizen of the State of South Carolina.

Defendant also insists that the removal statute in question, 28 U.S.C. § 1441(b) (second sentence), does not require any jurisdictional amount, since the removal provision is not exclusively predicated on the diversity of citizenship jurisdiction established under 28 U.S.C. § 1332.[3] It is urged that the absence of any reference to jurisdictional amount in 28 U.S.C. § 1441(b), (second sentence), cannot be overlooked and that the second sentence should not be interpreted so as to limit its application to those civil actions of which district courts have original jurisdiction only under the diversity of citizenship jurisdiction bestowed by 28 U.S.C. § 1332. Instead, defendant argues that the second sentence must be read to encompass any type of action, including but not limited to diversity of citizenship cases under 28 U.S.C. § 1332, of which the federal district courts have original jurisdiction, and in which no defendant is a citizen of the forum state.

## PLAINTIFFS' POSITION

Plaintiffs argue that the suit was brought as a civil action under the "saving to suitors" clause of 28 U.S.C. § 1333(1)[4] and is, therefore, not removable to a federal district court without other independent grounds of federal civil jurisdiction, such as a federal question[5] or diversity of citizenship.[6] The amount in controversy is obviously less than $10,000 and, therefore, plaintiffs contend that no independent grounds for removal exist. As a consequence, remand is requested.

## ISSUE

This case, one of first impression because of its peculiar facts, presents a very narrow question: whether a maritime claim can be removed from a state court either to the civil side of the federal district court in the absence of a federal question and the requisite jurisdictional amount in a diversity situation or to the admiralty side of the federal district court in the face of the "saving to suitors" clause.

---

3. 28 U.S.C. § 1332. Diversity of citizenship; amount in controversy; costs
  (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
  (1) citizens of different States;
.   .   .   .
  (c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: Provided further, That in any direct action

against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

4. See note 2, supra.

5. 28 U.S.C. § 1331.

6. 28 U.S.C. § 1332.

## ANALYSIS

Plaintiffs had the original choice of bringing this suit on the maritime insurance claim as a *civil* action in the state court or as an *admiralty* action in the federal district court. Plaintiffs could not have brought this suit as a *civil* action in the federal district court because jurisdiction could not be established. Initially, no federal question is involved; additionally, the requisite amount is lacking for a diversity of citizenship case. Plaintiffs chose to bring the suit as a civil action in the state court under the "saving to suitors" clause of 28 U.S.C. § 1333(1). Defendant effectively seeks to negate plaintiffs' choice through the device of removal.

The court finds that removal is improper and that the case should be remanded to the state court. To allow removal, pursuant to 28 U.S.C. § 1441(b), of a civil action in the state court to the admiralty side of the federal district court would effectively emasculate the "saving to suitors" clause of 28 U.S.C. § 1333(1) which was enacted specifically to give the choice of forum to a plaintiff who has a claim that could be processed either in a state civil action or in a federal admiralty action. Removal pursuant to 28 U.S.C. § 1441(b) of a civil action in the state court to the civil side of the federal district court could not be effected because a federal question under 28 U.S.C. § 1331 is not involved and the requisite amount is lacking for a diversity of citizenship case under 28 U.S.C. § 1332. A party cannot obtain, via the removal vehicle, federal jurisdiction over a claim of which the district court could not have taken original jurisdiction.

The Supreme Court decision in Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L. Ed.2d 368 (1959), is persuasive authority that removal should not have been granted. *Romero* did not specifically address itself to this problem, holding only that maritime causes of action do not arise under the Constitution, laws and treaties of the United States and, therefore, are not "federal questions" within the scope of 28 U.S.C. § 1331. However, in reaching this conclusion the Court delved deeply into the policies mandating that result. While its legal conclusions do not govern the instant case, the policies the Court articulated most certainly are applicable. The Court in *Romero* said:

Not only would the infusion of general maritime jurisdiction into the Act of 1875 disregard the obvious construction of that statute. *Important difficulties of judicial policy would flow from such an interpretation, an interpretation which would have a disruptive effect on the traditional allocation of power over maritime affairs in our federal system.*

*Thus the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal, would be taken away by an expanded view of § 1331, since saving-clause actions would then be freely removable under § 1441 of Title 28.* . . . The interpretation of the Act of 1875 contended for would have consequences more deeply felt than the elimination of a suitor's traditional choice of forum. *By making maritime cases removable to the federal courts it would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters—a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve* . . . . The role of the States in the development of maritime law is a role whose significance is rooted in the Judiciary Act of 1789 and the decisions of this Court. 358 U.S., at 371–372, 79 S.Ct., at 479. (Emphasis added.)

And in a latter portion of the opinion, the Court noted that:

To give a novel sweep to the Act would disrupt . . . a complementary, historic interacting federal-state relationship. 358 U.S., at 375, 79 S. Ct., at 482.

The above language has even more application to the instant case than it did to *Romero*. In *Romero*, removal from a state court to the federal court where Petitioner sought to have the action tried as a § 1331 civil action would not have affected the plaintiff's choice of remedies. A non-maritime civil action in the federal courts, as in the state courts, is a proper vehicle upon which to base a demand for a jury trial, a request for equitable relief if the facts indicate it is available, etc. In the instant case, defendant, seeking removal, does not contend that the removed action can be treated in the federal court as a non-maritime civil action. Therefore, it cannot qualify in the federal court for application of those remedies and procedures readily available in a state court. Since there is no federal question, and the amount in controversy is less than $10,000, the cause could not have been brought originally in the federal court pursuant to either §§ 1331 or 1332 of the Judicial Code.

■ This action could have been brought originally in the district court as an admiralty action pursuant to Federal Rule of Civil Procedure 9(h).[7] Since a removed action must be one that could have initially been brought in the federal court it can have no different status in the federal court on removal than it would have had when originally brought. In short, that means that if it can be removed, it must be treated in the federal court following removal as a cause of action within the scope of Rule 9(h)—and that means that plaintiff will not be entitled to a jury trial, any right to equitable relief he may have had will be considerably circumscribed, and in general those civil remedies not a part of the traditional maritime law will be unavailable. Thus, not only will removal

interfere with the allocation of judicial power between the state and federal courts and deprive the plaintiff of his historic option to select a forum—factors which so bothered the majority in *Romero*—but, additionally, it would allow a defendant to interfere with the suitors very choice of remedies. Any interference of this type would make the savings clause, which has been a part of our law since the First Judiciary Act, mere surplusage. It is indeed difficult to believe that Congress, in enacting and amending 28 U.S.C. § 1441, intended to completely emasculate so long-standing a right.

There are yet other reasons to deny removal. A case within the admiralty jurisdiction tried in a state civil court is in all probability not a "maritime" cause of action. According to 28 U.S.C. § 1333, the federal district courts shall have ". . . original jurisdiction, exclusive of the courts of the States, . . . ." of civil cases of admiralty or maritime jurisdiction. A clearer indication of an intent to preempt state courts from maritime causes is difficult to perceive.

■■ Because of jealousy between common law courts and maritime courts in England immediately prior to the American Revolution, a series of prohibitory writs had stripped the British admiralty of much of its traditional jurisdiction and expanded the common law to include many matters within the historic admiralty jurisdiction. See 7A, Moore's Federal Practice ¶ .200 [2]. It is probable that the First Congress, cognizant of these developments, intended to preserve these common law remedies that were then available in Britain for matters within the historical admiralty jurisdiction without narrowing the admiralty jurisdiction of the newly formed

7. Fed.R.Civ.P. 9(h). Admiralty and maritime claims. A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. . . .

United States. If this is so, one electing to pursue "a remedy to which he is otherwise entitled" is in all probability proceeding pursuant to a right—or cause of action—created by the common law. And, this common law *right* enforceable only in a civil law court, is not now, and never was, a part of the admiralty jurisdiction within the exclusive grant of admiralty jurisdiction contained in § 1333. To this background the courts now must add the settled law that (1) the jurisdiction of federal courts on removal is derivative—i. e., only those actions that were properly brought in state courts can be removed; *and* (2) the fact that the removed action must have been one that could originally have been brought in the federal district court. The above reasoning indicates that the instant case cannot, as it must, fulfill *both* these tests.

If the state court action is "maritime", the Judiciary Act seems clearly to prevent its being brought in the state court. The language seems clearly to preempt the state courts from trying such causes. Thus, the state is without jurisdiction and there is nothing to remove. (Caveat: some authority sensibly concludes that removal in such cases should be permitted. But, this is only where there is no basis at all for suit in a state court.) If, on the other hand, the action arises from the common law which provided a civil law remedy for causes within the historic admiralty jurisdiction, it could clearly have been brought in a state court—*but, as a civil action and not as a maritime action.* And, civil actions commenced in the state court can only be removed to the federal courts if they could originally have been brought there as civil actions. This "civil action" cannot qualify on that ground because there is no federal question involved and, even though there is diversity, the requisite amount in controversy is not present.

To contradict this finding, defendant cites the following cases: Wilburn Boat Co. v. Fireman's Insurance Co., 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955);

Monarch Industrial Corp. v. American Motorists Insurance Co., 276 F.Supp. 972 (S.D.N.Y.1967); Crawford v. East Asiatic Co., 156 F.Supp. 571 (N.D.Cal. 1957); Davis v. Matson Navigation Co., 143 F.Supp. 537 (N.D.Cal.1956); Noorollah Bakhshandeh v. Continental Insurance Co., 129 F.Supp. 122 (S.D.N.Y. 1954); Wunderlich v. Netherlands Insurance Co., 125 F.Supp. 877 (S.D.N.Y. 1954); Compania Maritima Ador, S. A. v. New Hampshire Fire Insurance Co., 120 F.Supp. 577 (S.D.N.Y.1954). None of these cases are applicable to the issue here presented. With one exception the cited cases determined that a federal question was involved which established independent grounds for federal jurisdiction, thus permitting removal from the state court to the federal district court in spite of the "saving to suitors" clause. In *Crawford,* supra, the federal district court remanded a removed maritime claim to the state court, because diversity of citizenship did not exist. The case was therefore an action over which the federal district court would not have had original jurisdiction. There was no discussion of the requisite amount in controversy.

Defendant's error, in short, is that it fails to realize that the "saved remedy" in all probability originated from a nonmaritime cause of action, a separate and distinct cause of action from which the maritime cause originated. This seems to be one of those instances where the occurrence itself gives rise to both a civil and an admiralty cause of action, and plaintiffs, choosing the former, cannot be forced by defendant, through the device of removal, into a selection of the other.

## CONCLUSION

The savings clause gives to "suitors" —which has to be construed as plaintiffs—and not to defendants the right to select the remedy and the forum where these causes can be litigated. To permit removal is to in fact give this selection right to the defendant, since all cases within the admiralty jurisdiction that

are "saved" are within the federal district courts' admiralty jurisdiction, without regard to amount in controversy or diversity of citizenship. Furthermore, this selection right controls the right to a jury trial and the right to seek some remedies that are available in common law courts that are not a part of the law of admiralty. It is inconceivable that one can legitimately use 28 U. S.C. § 1441 to give this choice not to the suitors, as the Congress has directed since 1789, but to the "sued".

The motion to remand to County Court, Greenville County, South Carolina, is granted.

And it is so ordered.