EAST COALINGA OIL FIELDS CORPO-
RATION v. PURE OIL CO. et al.
No. 364.

District Court, S. D. California, N. D.
March 23, 1946.

Samuel V. Cornell, C. Ray Robinson, and W. Eugene Craven, all of Merced, for plaintiff.

Ben A. Harper and E. S. Morris, both of Chicago, and Philip Conley, of Fresno, Cal., for defendant Pure Oil Co.

Dockweiler & Dockweiler and Thomas A. J. Dockweiler, all of Los Angeles, Cal., and Conley, Conley & Conley, of Fresno, Cal., for defendants Pacific Western Oil Corporation and George F. Getty, Inc.

MATHES, District Judge.

Plaintiff commenced this suit in the state court praying for declaratory relief under sections 1060 et seq. of the California Code of Civil Procedure. The complaint alleges plaintiff's claim, by virtue of certain written instruments and notwithstanding others, to be owner of and "for the period of fifty (50) years from and after February 1, 1922 * * * entitled to demand and receive twenty per cent (20%) of all the profits or royalties from the sale of oil and gas produced from wells drilled or operated in or upon" certain land in the county of Merced; which claim is disputed by defendants.

The complaint names some fifty defendants, most of whom are grantees or successors to grantees of plaintiff.

The case was removed here upon the petition of two nonresident defendants, who are assignees of the lessee's rights under a community oil and gas lease executed by plaintiff and the defendant-property owners. These nonresident defendants are now producing crude petroleum from the property.

The claim of federal jurisdiction asserted in the petition rests upon the contention that a controversy exists between plaintiff and the removing-nonresident defendants which is wholly separable from that between plaintiff and the resident defendant-property owners.

Plaintiff now moves to remand the cause to the state court. Since other requisites of federal jurisdiction appear (cf. Southern Pac. Co. v. McAdoo, 9 Cir., 1936, 82 F.2d 121), the question is whether there is presented a controversy "which is wholly between citizens of different States, and which can be fully determined as between them." 28 U.S.C.A. § 71.

There being no averment that the resident defendants were joined in bad faith (Wilson v. Republic Iron & Steel Co., 1921, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144), and no change in parties since the action was commenced (cf. Saint Paul Mercury Ind. Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, Southern Pac. Co. v. Haight, 9 Cir., 1942, 126 F.2d 900, 903), whether separable controversy exists must be determined entirely from plaintiff's complaint at the time of filing of the petition for removal. Pullman Co. v. Jenkins, 1939, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334.

The complaint, and particularly paragraph XII, asserts that the "actual controversy," with respect to which declaratory relief is sought under the state statute, exists between plaintiff and all defendants, and arises from plaintiff's claim to a 20% share of all royalties being paid by the nonresident defendant-producers to the resident defendant-property owners.

Plaintiff makes no claim that the nonresident defendants should pay additional royalty, but only that plaintiff is entitled to 20% of such royalties as are now being paid. So far as appears from the complaint, this is the only justiciable controversy in the case.

It is not possible to separate the resident defendant-property owners from this controversy. They are indispensable parties to it. St. Louis & S. F. R. Co., v. Wilson, 1885, 114 U.S. 60, 5 S.Ct. 738, 29 L.Ed. 66; Wilson v. Oswego Township, 1894, 151 U.S. 56, 14 S.Ct. 259, 38 L.Ed. 70; Matthew v. Coppin, 9 Cir., 1929, 32 F.2d 100.

Nor is it possible to separate the nonresident defendant-producers from the controversy, unless the nonresidents be classed as mere stakeholders of the royalty payments, and hence only nominal and not indispensable parties. But thus to separate the nonresidents from the controversy is to disclaim federal jurisdiction for want of diversity of citizenship, since "on the question of jurisdiction an unnecessary and dispensable party will not be considered." Salem Trust Co. v. Manufacturers' Trust Co., 1924, 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867; Farmers' Bank v. Hayes, 6 Cir., 1932, 58 F.2d 34; cf. Preston v. Kaw Pipe Line Co., 10 Cir., 1942, 128 F.2d 162.

Plaintiff has elected to join the nonresident defendants with the resident landowners, in order that judgment with respect to the royalties may be binding upon all. Torrence v. Shedd, 1892, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528. Plaintiff's good faith in the joinder is not challenged, so the joint cause of action as alleged in the complaint is taken at face value in determining the pending motion to remand. Louisville & N. R. Co. v. Ide, 1885, 114 U.S. 52, 5 S.Ct. 735, 29 L.Ed. 63; Breymann v. Pennsylvania O. & D. R. Co., 6 Cir., 1930, 38 F.2d 209; cf. Chicago, R. I. & Pac. R. Co. v. Schwyhart, 1913, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473.

The finality of an erroneous denial of federal jurisdiction tends to array all doubt against a motion to remand. Metropolitan Casualty Ins. Co. v. Stevens, 1941, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044; Bucy v. Nevada Const. Co., 9 Cir., 1942, 125 F.2d 213; Borden Co. v. Zumwalt, 9 Cir., 1941, 120 F.2d 69.

But want of federal jurisdiction would make futile the litigation of any of the issues in this court, and for that reason every doubt should be resolved in favor of remand. Missouri Pac. R. Co. v. Fitzgerald, 1896, 160 U.S. 556, 16 S.Ct. 389, 40 L.Ed. 536; Western Union Tel. Co. v. Louisville & N. R. Co., D.C.Tenn., 1912, 201 F. 932, 945.

An order will be entered granting plaintiff's motion and remanding this action to the Superior Court of the State of California in and for the County of Merced.

Counsel for plaintiff will present order of remand for approval as provided in local rule 7, within ten days.