Sirry D. HILL, Libelant,

v.

UNITED FRUIT COMPANY, a corporation, Doe I, Doe II and Doe III, Respondents.

No. 86-57.

United States District Court
S. D. California,
Central Division.

March 14, 1957.

471

Margolis, McTernan & Branton and John W. Porter, Los Angeles, Cal., for libelant.

Lillick, Geary, McHose, Roethke & Myers and Lawrence D. Bradley, Los Angeles, Cal., for respondent United Fruit Co.

MATHES, District Judge.

This cause having come before the Court for hearing upon the order to show cause why the case should not be remanded to the State Court and the motion of libelant, subsequently filed, to dismiss the action "as against the fictitiously named defendants [respondents], Doe I, Doe II and Doe III", and to transfer the case "to the law docket of this Court as an action at law"; and the matters having been heard and submitted for decision; and it appearing to the Court that:

(1) the action was originally commenced in the Superior Court of the State of California in and for the County of Los Angeles, against defendant United Fruit Company, as shipowner, and others, seeking damages for personal injuries allegedly sustained by plaintiff while working as a longshoreman "in the handling of cargo on board the * * * S. S. Quisqueya" while "docked at a berth in the Port of Los Angeles, California"; the complaint asserts two claims or causes of action: [a] for an alleged tort of a maritime nature, namely, negligence of "the defendants, and each of them", claimed to have been a proximate cause of plaintiff's injuries, Pope & Talbot, Inc., v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143; Caldarola v. Eckert, 1947, 332 U.S. 155, 67 S.Ct. 1569, 91 L.Ed. 1968; [b] the other for breach of the implied maritime warranty of seaworthiness of the vessel, also claimed to have been a prox-imate cause of plaintiff's injuries and consequent damages, Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099;

(2) the case was removed to this Court upon the timely petition of defendant United Fruit Company, a New Jersey corporation, pursuant to 28 U.S.C.A. §§ 1441 and 1446;

(3) although the diversity jurisdiction of this Court is asserted as a possible ground for removal, 28 U.S.C.A. §§ 1332(1), 1441(b), it does not appear from the record that diversity of citizenship exists between plaintiff and defendants, 28 U.S.C.A. § 1332; City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 69–70, 76–77, 62 S.Ct. 15, 86 L.Ed. 47; Steigleder v. McQuesten, 1905, 198 U.S. 141, 143, 25 S.Ct. 616, 49 L.Ed. 986; Parker v. Overman, 1855, 18 How. 137, 141, 59 U.S. 137, 141, 15 L.Ed. 318; Mullen v. Torrance, 1824, 9 Wheat. 537, 538, 22 U.S. 537, 538, 6 L.Ed. 154; Molnar v. National Broadcasting Co., 9 Cir., 1956, 231 F.2d 684;

(4) whenever a case is removed to this Court upon the ground of diversity of citizenship, 28 U.S.C.A. § 1332, this Court receives and adjudicates the cause as "in effect, only another court of the State." Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079.

(5) both the claim for breach of the implied warranty of seaworthiness, and the claim for negligence, arise under maritime law, and so neither presents a case which "arises under the Constitution, laws or treaties of the United States", within the meaning of either 28 U.S.C.A. § 1331 or Id. § 1441 (b). Paduano v. Yamashita K. K. K., 2 Cir., 1955, 221 F.2d 615, affirming D.C. E.D.N.Y.1954, 120 F.Supp. 304; Mullen v. Fitz Simons, etc., Dock Co., 7 Cir., 191 F.2d 82, certiorari denied 1951, 342 U.S. 888, 72 S.Ct. 173, 96 L.Ed. 666; Id., 7 Cir., 1948, 172 F.2d 601; Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662; Modin v. Matson Nav. Co., 9 Cir., 1942, 128 F.2d 194; contra, Doucette v. Vin-

cent, 1 Cir., 1952, 194 F.2d 834, 839–842;

(6) there is no allegation in the petition for removal that any defendant is fraudulently joined, see McAllister v. Chesapeake & O. Ry. Co., 1917, 243 U.S. 302, 310–311, 37 S.Ct. 274, 61 L.Ed. 735; Chicago, R. I. & P. Ry. Co. v. Schwyhart, 1913, 227 U.S. 184, 194, 33 S.Ct. 250, 57 L.Ed. 473; Smith v. Southern Pac. Co., 9 Cir., 1951, 187 F.2d 397, 400–402;

■ (7) the fictitiously designated defendants must be considered as non-nominal defendants in view of the allegations of plaintiff's complaint, see Molnar v. National Broadcasting Co., supra, 231 F.2d 684.

■ (8) inasmuch as the jurisdiction of this Court and the right of removal must appear from the record at the time of filing of the petition for removal, Salem Trust Co. v. Manufacturers Finance Co., 1924, 264 U.S. 182, 189, 44 S.Ct. 266, 68 L.Ed. 628; Kinney v. Columbia Savings, etc., Ass'n, 1903, 191 U.S. 78, 80–81, 24 S.Ct. 30, 48 L.Ed. 103; Graves v. Corbin, 1890, 132 U.S. 571, 590–591, 10 S.Ct. 196, 33 L.Ed. 462; Crehore v. Ohio & M. Ry. Co., 1889, 131 U.S. 240, 244–245, 9 S.Ct. 692, 33 L.Ed. 144, a dismissal as to defendants other than petitioner United Fruit Company, filed in this Court subsequent to removal, could not operate retroactively to accomplish diversity of citizenship at the time of removal, Pullman Co. v. Jenkins, 1939, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334; St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 291–294, 58 S.Ct. 586, 82 L. Ed. 845; Pacific Gas & Elec. Co. v. Fibreboard Products, Inc., D.C.N.D.Cal. 1953, 116 F.Supp. 377;

■ (9) moreover, since claims predicated upon maritime torts, as well as claims for breach of the implied warranty of seaworthiness, do not arise "under the Constitution, laws or treaties of the United States" within the meaning of 28 U.S.C.A. § 1331 or Id. § 1441 (b), but do arise under the maritime law and are within the "exclusive" jurisdiction of this Court sitting as a court of admiralty, 28 U.S.C.A. § 1333, it follows that only in cases where there exists diversity of citizenship and requisite amount in controversy, 28 U.S.C.A. § 1332, which together provide the basis for invoking the diversity jurisdiction of this Court in an action at law under the "saving to suitors clause", 28 U.S.C.A. § 1333(1); Pope & Talbot, Inc., v. Hawn, supra, 346 U.S. at pages 409, 411, 419, 74 S.Ct. 202, 98 L.Ed. 143; Caldarola v. Eckert, supra, 332 U.S. at page 157, 67 S.Ct. 1569, 91 L.Ed. 1968; Chelentis v. Luckenbach S. S. Co., 1918, 247 U.S. 372, 379, 38 S.Ct. 501, 62 L.Ed. 1171; Williams v. Tide Water Associated Oil Co., 9 Cir., 1955, 227 F.2d 791, certiorari denied 1956, 350 U.S. 960, 76 S. Ct. 348, 100 L.Ed. 834; Crane v. Pacific S. S. Co., D.C.D.Or.1921, 272 F. 204,—does this Court have jurisdiction to adjudicate a cause of action for unseaworthiness or for a maritime tort in an action at law, Modin v. Matson Nav. Co., supra, 128 F.2d at page 196; cf: Williams v. Tide Water Associated Oil Co., supra, 227 F.2d at page 793; see also Reynolds v. Royal Mail Lines, D.C.S.D.Cal.1956, 147 F.Supp. 223, 226;

(10) apparently realizing that diversity of citizenship did not exist in the case at bar to warrant removal to this Court as an action at law, United Fruit Company in the petition for removal asks that the suit "be docketed on the admiralty side" under 28 U.S.C.A. § 1333 which provides in part that: "The district courts shall have original jurisdiction, exclusive of the courts of the states, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled * * *";

(11) where as here a claimant sues in the State Court on claims "of admiralty or maritime jurisdiction", by virtue of the option accorded him by the "saving to suitors clause", 28 U.S. C.A. § 1333(1), to permit that option to be nullified by a removal of the case, upon petition of the defendant, to this

Court sitting as a court of admiralty, would be tantamount to reading off the statute books the "saving to suitors clause" which was first enacted as part of § 9 of the Judiciary Act of 1789, 1 Stat. 76–77, and has continuously since been the law of the land, Schoonmaker v. Gilmore, 1880, 102 U.S. 118, 26 L.Ed. 95; Steamboat Co. v. Chase, 1872, 16 Wall. 522, 83 U.S. 522, 21 L.Ed. 369; Leon v. Galceran, 1870, 11 Wall. 185, 188, 78 U.S. 185, 188, 20 L.Ed. 74; The Belfast, 1868, 7 Wall. 624, 644, 74 U.S. 624, 644, 19 L.Ed. 266;

(12) only by permitting impeccable logic to overrule inexorable history can the doctrine of repeal by implication, applied to the literally broad provisions of the 1948 revision of the removal statute, 28 U.S.C.A. § 1441(a), be held to require such a result, see Madruga v. Superior Court, 1954, 346 U.S. 556, 560–561, 564–567, 74 S.Ct. 298, 98 L.Ed. 290; Red Cross Line v. Atlantic Fruit Co., 1924, 264 U.S. 109, 123–124, 44 S.Ct. 274, 68 L.Ed. 582; Knickerbocker Ice Co. v. Stewart, 1920, 253 U.S. 149, 160–161, 166–169, 40 S.Ct. 438, 64 L.Ed. 834; Knapp, Stout & Company v. McCaffrey, 1900, 177 U.S. 638, 648, 20 S. Ct. 824, 44 L.Ed. 921; The Moses Taylor, 1866, 4 Wall. 411, 431, 71 U.S. 411, 431, 18 L.Ed. 397; contra: Davis v. Matson Nav. Co., D.C.N.D.Cal.1956, 143 F.Supp. 537; Crispin Co. v. Lykes Bros. S. S. Co., (dictum) D.C.S.D.Tex.1955, 134 F. Supp. 704;

(13) furthermore, the Supreme Court has observed, subsequent to the 1948 revision and the enactment of 28 U.S. C.A. § 1441(a), that it was an "important purpose" of the Congress "to limit removal from state courts", American Fire & Cas. Co. v. Finn, 1951, 341 U.S. 6, 9–10, 71 S.Ct. 534, 538, 95 L.Ed. 702; and earlier the Court emphasized that the removal statutes are to be strictly construed, declaring that "the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. * * * 'Due re-

gard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'" Shamrock Oil & Gas Corp. v. Sheets, 1941, 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214;

(14) it is in this light that 28 U.S.C. A. § 1441(a) must be read together with the "saving to suitors clause", Id. § 1333(1); and

(15) since want of federal jurisdiction would make futile the litigation of any of the issues in this Court, every doubt should be resolved in favor of remand, Missouri Pac. R. Co. v. Fitzgerald, 1896, 160 U.S. 556, 16 S.Ct. 389, 40 L.Ed. 536; Breymann v. Pennsylvania, O. & D. R. Co., 6 Cir., 1930, 38 F.2d 209, 212; Albi v. Street & Smith Publications, 9 Cir., 1944, 140 F. 2d 310, 311–312; East Coalinga Oil Fields Corp. v. Pure Oil Co., D.C.S.D.Cal. 1946, 66 F.Supp. 716, 718;

It is ordered that libelant's motions to dismiss the action "as against the fictitiously named defendants [respondents] Doe I, Doe II and Doe III", and to transfer the case "to the law docket of this Court as an action at law", are hereby denied.

It is further ordered upon the Court's own initiative, Fed.Rules Civ.Proc., Rule 12(h), 28 U.S.C.A., that this case is hereby remanded to the Superior Court of the State of California, in and for the County of Los Angeles, 28 U.S. C.A. §§ 1441 and 1447.

It is further ordered that the Clerk this day serve a certified copy of this order of remand by United States mail upon the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles, in accordance with 28 U.S.C.A. § 1447(c).

It is further ordered that the Clerk this day serve copies of this order by United States mail upon the proctors for the parties appearing in this cause.