**FRED. OLSEN & CO., Petitioner,**

v.

**John E. MOORE, Respondent.**

No. 27639.

United States District Court
N. D. California, S. D.

May 7, 1958.

**OLIVER J. CARTER, District Judge.**

This action was originally commenced in the Superior Court of the State of California, in and for the City and County of San Francisco, on October 2, 1956, by plaintiff, John E. Moore, a longshoreman, against defendant Fred. Olsen & Co., as shipowner, and others, seeking damages for personal injuries allegedly sustained on board the S.S. Bonanza while the vessel was in dock in the Port of Oakland in San Francisco Bay.

The complaint asserts two claims for relief; they are based upon negligence and unseaworthiness. The amount in controversy exceeds $3,000. Plaintiff is a citizen of the State of California, and the defendant is a Norwegian corporation.

The matter went ahead in the state court, and on January 10, 1958, a pretrial conference was held. At that time, the fictitious parties defendant who had been named in the complaint, namely, First Doe, Second Doe, Third Doe, Fourth Doe, Fifth Doe, Sixth Doe, Seventh Doe, Eighth Doe, Ninth Doe, Tenth Doe, Black Corporation, a California corporation, and White Company, were dismissed. There remained on that date but the two adverse parties.

Twelve days after the aforementioned pre-trial conference and dismissal of fictitious parties, the defendant corporation removed the action to the admiralty side of this Court, alleging that the action was one within the original jurisdiction of this Court by virtue of the provisions of 28 U.S.C. § 1331, and removable hereto under the provisions of 28 U.S.C. § 1441(b).

Plaintiff has resisted the removal, and has moved to remand the action or, in the alternative, to transfer the action to the civil docket of this Court. Plaintiff's first contention is that the defendant failed to comply with the twenty day requirement for removal which is set out in 28 U.S.C. § 1446(b). This statute governs the procedure for removal from state courts in the United States District

McMurray, Brotsky, Walker, Bancroft & Tepper, San Francisco, Cal., for petitioner.

Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., for respondent.

Courts, and requires, in effect, that the verified petition setting forth facts entitling a defendant to removal be filed within twenty days after the service of the summons upon the defendant, or within twenty days after the receipt of a copy of the initial pleading.

The petition was filed with this Court more than twenty days after a copy of the complaint and a summons had been served upon the defendant Fred. Olsen & Co. However, the petition was filed within twenty days after the dismissal in the state court of the fictitious defendants.

The contention of defendant is that the action was not removable to this Court prior to January 10, 1958, because there was a failure of the requisite diversity of citizenship. See Crawford v. East Asiatic Company, D.C.N.D.Cal.1957, 156 F. Supp. 571. Because of the maritime nature of the action, the Court did not have original jurisdiction under 28 U.S. C. § 1331.

■■ It is true that a case which is not removable when commenced may afterwards become removable. Ayers v. Watson, 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093; Martin's Administrator v. Baltimore & Ohio R. Co., 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311; Powers v. Chesapeake & Ohio R. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673; Southern Pacific Co. v. Haight, 9 Cir., 126 F.2d 900. When it appears for the first time that an action is removable to the federal court, the petition for removal must be timely.

■ The Court is of the opinion that this was a timely removal, inasmuch as the petition was filed twelve days after it became apparent to defendant that it was the sole remaining defendant.

This case must be distinguished from its companion, Scurlock v. American President Lines, Ltd., D.C., 162 F.Supp. 78, wherein the action was removed to this Court, but without the dismissal of fictitious parties defendant in the state court. There, the Court had to look behind the pleadings in order to determine whether the fictitious defendants were real or merely "unidentifiable, indefinite and ineffectual" parties; here, there is no reason for the Court to look behind the pleadings to determine the nature of the parties who were dismissed in the state court, for although it appears from the record that there were fictitious defendants whose citizenship was not alleged in the complaint, such defendants were dismissed before removal, leaving a record which discloses diversity of citizenship after their dismissal.

■ In cases such as this, where the plaintiff names fictitious defendants, the defendant may wait until dismissal of the fictitious defendants and it appears affirmatively that there is diversity of citizenship, as was the case in Southern Pacific Company v. Haight, supra. See also Grigg v. Southern Pacific Company, 9 Cir., 1957, 246 F.2d 613. A plaintiff who chooses to name Doe defendants in an action where actually there is diversity of citizenship may not claim that removal is untimely when he, himself, has pleaded facts which create a questionable situation as to whether or not there is diversity of citizenship.

For the same reasons which the Court gives in the companion case of Scurlock v. American President Lines, Ltd., supra, the action will be transferred from the admiralty docket to the civil docket of the Court.

Accordingly, it is ordered that plaintiff's motion to remand be denied; and that the action be transferred from the admiralty docket to the civil docket of this Court.