**Daniel SCURLOCK, Plaintiff,**

v.

**AMERICAN PRESIDENT LINES, Ltd.,**
**a corporation, Defendant.**

**No. 27656.**

United States District Court
N. D. California, S. D.

May 7, 1958.

McMurray, Brotsky, Walker, Bancroft & Tepper, San Francisco, Cal., for plaintiff.

Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., for defendant.

**OLIVER J. CARTER, District Judge.**

This action was commenced in the Superior Court of the State of California, in and for the City and County of San Francisco, by plaintiff, a longshoreman, against the defendant American President Lines, Ltd., as shipowner, and others, seeking damages for personal injuries allegedly sustained on board the S.S. President Hoover while the vessel was in berth at the Oakland Army Base in San Francisco Bay.

The complaint asserts two claims for relief: (a) for breach of the implied maritime warranty of seaworthiness of the vessel, claimed to have been the proximate cause of plaintiff's injuries; and (b) for an alleged tort of a maritime nature, namely, negligence, also claimed to have been a proximate cause of plaintiff's injuries. The matter in controversy exceeds the sum or value of $3,000. Plaintiff is a citizen of California, and the defendant is a Delaware corporation.

The action was timely removed to the admiralty side of this Court by the defendant American President Lines, Ltd. The petition for removal stated, *inter alia*, that the defendant was "the sole remaining defendant," and that diversity of citizenship existed between plaintiff and defendant.

Plaintiff has moved to transfer the action from the admiralty docket to the civil docket. Although plaintiff has not moved to remand, the motion to transfer after removal raises questions as to the jurisdiction of this Court which must be resolved before the motion to transfer may be determined.

The United States District Court is a court of limited jurisdiction, and the paramount and primary duty of the Court is to ascertain the nature and extent of its jurisdiction. It is apparent from the face of the complaint that there appear as parties defendant the fictitious First Doe, Second Doe and Third Doe, whose citizenship does not appear. Paragraph II of the complaint states:

"Plaintiff does not know the true names and capacities, whether individual, corporate, associate or otherwise of defendants sued herein under the fictitious names of First Doe, Second Doe and Third Doe; therefore plaintiff prays leave to substitute said true names and capacities when ascertained."

There is nothing in the record to show that these named Doe defendants have been dismissed from the action

prior to the removal to this Court. The petition states merely that the defendant is the "sole remaining defendant," and that there is diversity of citizenship between the parties. There is no allegation that any defendant had been fraudulently joined, nor is there any allegation that the Doe defendants were nominal and disinterested parties. The right to removal must appear from the record at the time of filing the petition.

"The right of removal depends upon the case disclosed by the pleadings when the petition therefor is filed." Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 267, 68 L.Ed. 628.

The cases in this circuit appear to be somewhat in conflict as to whether the joinder of fictitious defendants who are unidentifiable from the complaint as interested or necessary parties to the action will defeat the jurisdiction of the federal court on removal from a state court. In Hill v. United Fruit Co., D.C. S.D.Cal.1957, 149 F.Supp. 470, 472, an almost identical factual situation was present. There a longshoreman commenced an action in the state court naming Doe defendants; when the action was removed, the federal court determined that it did not have jurisdiction over the matter, inasmuch as the jurisdiction of the court and the right to removal did not appear from the record as it stood at the time of filing the petition. The court relied upon a 1956 decision of the Court of Appeals for the Ninth Circuit and stated: " * * * the fictitiously designated defendants must be considered as non-nominal defendants in view of the allegations of plaintiff's complaint, see Molnar v. National Broadcasting Co., supra, 9 Cir., 231 F.2d 684."

The most recent expression of the Court of Appeals for the Ninth Circuit with regard to the California practice of naming fictitious defendants suggests that summary remand may not now be justified merely upon the rationale that fictitious parties defendant may defeat diversity of citizenship in removal cases.

In Grigg v. Southern P. Co., 9 Cir., 1957, 246 F.2d 613, 620, decided some three months after Hill v. United Fruit Co., supra, the court considered the problem of the fictitious defendant in an action which had been removed to a federal court within this district. The Court of Appeals affirmed the refusal of the District Court to remand even though fictitious Doe defendants were named in the complaint in the same manner as in the case at bar. There the Court of Appeals stated:

"Perhaps these Does have some proper place under California state practice. But it is hard to believe they serve any purpose when they are included superstitiously and without reason. Certainly their phantoms, when Does live not and are accused of nothing, should not divert the course of justice. What we say here is another phase, the other side of the coin, of what we have said in Molnar v. National Broadcasting Co., 9 Cir., 231 F.2d 684 and Roth v. Davis, 9 Cir., 231 F.2d 681."

See also Southern Pacific Co. v. Haight, 9 Cir., 126 F.2d 900.

It appears that it is the obligation of the Court to ascertain whether or not the defendants Doe are nominal and disinterested parties before a proper determination may be made as to whether or not the court has jurisdiction. It is the duty of the Court, when determining the question of jurisdiction, to "look behind the pleadings," according to the mandate of the Supreme Court stated in City of Dawson v. Columbia Ave. Svgs. Fund Safe Deposit, Title & Trust Co., 197 U.S. 178, 25 S.Ct. 420, 421, 49 L.Ed. 713. Concerning this, the Court has said:

"As is true of many problems in the law, the answer is to be found not in legal learning but in the realities of the record. Though variously expressed in the decisions, the governing principles are clear. To sustain diversity jurisdiction there

must exist an 'actual', Helm v. Zarecor, 222 U.S. 32, 36, 32 S.Ct. 10, 56 L.Ed. 77, 'substantial', Niles-Bement-Pond Co. v. Iron Moulders Union, 254 U.S. 77, 81, 41 S.Ct. 39, 65 L.Ed. 145, controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side. Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435. Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings and arrange the parties according to their sides in the dispute'. Dawson v. Columbia Trust Co., 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713. Litigation is the pursuit of practical ends, not a game of chess." City of Indianapolis v. Chase National Bank, Trustee, 314 U.S. 63, 69, 62 S.Ct. 15, 16, 86 L.Ed. 47.

■ It is well settled that jurisdiction cannot be defeated by joining formal or unnecessary parties. Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628. There is a long line of cases holding that the courts may disregard nominal and disinterested parties when the jurisdictional question arises.

Looking at the record before the Court, it is obvious that the defendants Doe named in the complaint are unidentifiable, indefinite and ineffectual. There is no cause of action stated against any one of them. None has been served with process. The plaintiff has not contended that there is any other real party defendant than defendant American President Lines, Ltd., nor has there been any motion to remand the action because of the apparent failure of diversity of citizenship.

■ It appears from the record that the defendants Doe named in the complaint are but nominal and disinterested parties, if anything at all. The Court feels, as the Court of Appeals did in Grigg v. Southern Pacific Company, supra, concerning the Does: "It is fair to say, as of filing, the Does were wholly fictitious." Consequently, in determining whether the Court has jurisdiction over the matter, the Court will disregard the fictitious defendants Doe, and recognize only the plaintiff and defendant as the real parties in interest in the matter.

Defendant stated in the petition for removal:

"This is a civil and maritime action of which this Court has original jurisdiction under provisions of Title 28, United States Code, Section 1331, and is one which may be removed to this Court by the petitioner, the sole remaining defendant therein, pursuant to the provisions of Title 28, United States Code, Sections 1441(b) and 1331 * * *"

■ Both of the claims of plaintiff, for the breach of the implied warranty of seaworthiness and for negligence, arise under the maritime law, and so neither presents a claim which "arises under the Constitution, laws or treaties of the United States," within the meaning of 28 U.S.C.A. § 1441(b). However, it does appear that there is diversity of citizenship, and that the Court has jurisdiction of the matter under the provisions of 28 U.S.C. § 1332, and that the action is removable into this Court under the provisions of 28 U.S.C. § 1441 (b). Crawford v. East Asiatic Co., D.C. N.D.Cal.1957, 156 F.Supp. 571.

It appearing that the action was properly removable, and that the Court has jurisdiction over the matter, the next question before the Court concerns the plaintiff's motion to transfer the action from the admiralty docket to the civil docket. It is the contention of the defendant that the removal from the state court to this Court, sitting in admiralty, is final, and that once this Court has determined that it has jurisdiction, that the Court is obligated to retain the matter in admiralty. This contention is without merit.

 The plaintiff, who had his choice of a forum for the commencement of the proceedings, chose to bring his claim for relief in a court where he was assured the common law remedy of a jury trial. The plaintiff was impotent to resist removal to this Court. The defendant may not deprive the plaintiff by this procedural device of the common law right which is saved to suitors by 28 U.S.C. § 1333. The Court of Appeals for the Ninth Circuit has made its policy clear in the matter:

"Regarding his diversity civil suit at common law and not in admiralty, the right to sue for unseaworthiness may be enforced by a common law *remedy* under the 'saving to suitors' clause. 28 U.S.C. § 1333. In this case, such a remedy would have been available in the state courts of Washington. (Citing cases, two of these having jury trials.) Because of the diversity of citizenship here the United States District Court had jurisdiction under 28 U.S.C. § 1332. An incident to the diversity jurisdiction based on the common law remedy saved to suitors by section 1333 is the right to jury trial under the Seventh Amendment and Fed. Rules Civ.Proc. 38(a), 28 U.S.C.A. See Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834. Had unseaworthiness been the sole issue in this case the district court would have no power to convert this diversity civil suit into a proceeding in admiralty and deprive Williams of his right to a jury.

"Furthermore, since Williams had his right in the State of Washington to trial by jury on the issue of unseaworthiness, if he had initiated his suit there, the steamship company, on diversity of citizenship, could have transferred it to the federal court. Then if the contention of the steamship company were valid, the mere diversity transfer would have deprived Williams of his jury. We cannot believe that by the diversity power such 'give it and take it away' result can be effected." Williams v. Tide Water Associated Oil Co., 9 Cir., 1955, 227 F.2d 791, 793.

 The policy of this Circuit being made explicit by the foregoing, it is the opinion of the Court that the motion of the plaintiff to transfer the action to the civil docket of the court should be granted. The jurisdiction of the District Court, once it embraces a cause, is plenary, and may not be restricted or delimited in the manner suggested by defendant.

Accordingly, it is the order of the Court that the action be transferred to the civil docket of this court.