Ernest D. GLUCKSMAN, Plaintiff,

v.

COLUMBIA BROADCASTING SYSTEM, INC., Michael Dann, Peekskill Productions, Inc., Jackie Gleason, Syd Zelinka, Will Glickman, and Does I through IV, both inclusive, Defendants.

No. 63–834.

United States District Court
S. D. California,
Central Division.

July 17, 1963.

Lillick, Geary, McHose, Roethke & Myers, by Robert P. Myers, Robert E. Gordon, Stephen F. Keller, Hollywood, Cal., for defendants Columbia Broadcasting System, Inc., Michael Dann and Jackie Gleason.

Beilenson, Meyer, Rosenfeld & Susman, by Jeffrey L. Nagin, Beverly Hills, Cal., for plaintiff.

CRARY, District Judge.

This cause has been removed to this court from the Superior Court of the State of California for the County of Los Angeles upon the petition of defendant Jackie Gleason, a resident and citizen of the State of New York, pursuant to 28 U.S.C. §§ 1441 and 1446.

Plaintiff commenced this action in a state court for damages by reason of alleged breach of implied and expressed contract and breaches of confidential relationship between plaintiff and defendants.

The petition alleges diversity of citizenship between plaintiff and defendants other than defendants Does I through IV, both inclusive, as grounds for removal, but no diversity of citizenship is asserted between plaintiff and the defendants sued under fictitious names. Molnar v. National Broadcasting Company, 231 F.2d 684 (9 Cir. 1956); Grigg v. Southern Pacific Company, 246 F.2d 613 (9 Cir. 1957); and Hill v. United Fruit Co., 149 F.Supp. 470, (D.C.S.D. Cal., 1957).

At page 687 of its opinion in the Molnar case, 231 F.2d, supra, the court, referring to the naming of fictitious parties as defendants, states:

"This attempt to join fictitious defendants is said to be justified in California practice. However that may be, no one of the Rules of Civil Procedure under which federal courts operate gives warrant for the use of such a device."

The court also observing on the same page:

"It was impossible for the court to say that defendants thus joined were not indispensable from the face of the complaint. At the stage where the action of the court took place, the matter must have been viewed upon the allegations of the complaint alone. Allegations founding jurisdiction of a federal court must be precise."

There is no allegation in the petition for removal of facts disclosing that any defendant is fraudulently joined. See Smith v. Southern Pacific Company, 9 Cir., 187 F.2d 397, 400–402.

█ There is no claim or cause of action asserted by plaintiff in the complaint against the defendant filing the petition for removal, which appears to be a claim or cause of action which, within the meaning of 28 U.S.C. § 1441(c), can be said to be "separate and independent" from any claim asserted against the other defendants. Having in mind the prayer of plaintiff's complaint for judgment against all defendants, and each of them, as to the 1st, 2nd, 3rd, 8th and 9th causes of action (petitioner Gleason does not appear to be named in 4th, 5th, 6th and 7th causes of action), and the mandate of Rule 54(c) of the F.R.Civ.P., that "every final judgment shall grant the relief to which the party * * * is entitled, even if the party has not demanded such relief in his pleadings," the fictitiously designated defendants must be considered as non-nominal defendants. (See Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99,

2 L.Ed.2d 80, and Molnar v. National Broadcasting Company, supra.)

█ The rule is well established that the right of removal must appear from the record at the time of the filing of the petition for removal. East Coalinga Oil Fields Corp. v. Pure Oil Co., 66 F. Supp. 716 at 717, and cases there cited. The plaintiff asserts no claim or cause of action arising "under the Constitution (or) laws * * * of the United States." 28 U.S.C. § 1331, and Pan American Petroleum Corp. v. Superior Court, 366 U.S. 656, 662–665, 81 S.Ct. 1303, 6 L.Ed.2d 584, and Republic Pictures Corp. v. Security, etc., Bank, 197 F.2d 767 (9 Cir. 1952). Plaintiff asserts a claim arising under state law, and it has long been held that the party who brings a suit may decide what law he will rely upon. (See Fair v. Kohler Die Co., 228 U.S. 22 at 25, 33 S.Ct. 410 at 411, 57 L.Ed. 716).

█ The scope of the removal statutes must be strictly construed, and facts requisite to Federal jurisdiction do not affirmatively appear from the complaint or petition for removal. Want of Federal jurisdiction would make futile the litigation of any of the issues in this court and every doubt should be resolved in favor of remand. (See Albi v. Street and Smith Publications, 140 F.2d 310, 312 (9 Cir. 1944), and East Coalinga, etc. v. Pure Oil Co., 66 F.Supp. 7´ ͡, 718 (S.D.Cal.1946).

In the case of Scurlock v. American President Lines, 162 F.Supp. 78 (D.C. N.D.Cal.1958), the District Court disregarded the doe defendants named in the complaint. The petition for removal stated "that the defendant was 'the sole remaining defendant,' and that diversity of citizenship existed between plaintiff and defendant" (162 F.Supp. page 79). In support of its position, the court states, 162 F.Supp. at page 81 of its opinion, that from the record before the court it is obvious "that the defendants Doe named in the complaint are unidentifiable, indefinite and ineffectual. There is no cause of action stated against any one of them." The court in the Scurlock case

cites and relies on Grigg v. Southern Pacific Company, supra, wherein the Court of Appeals of the Ninth Circuit held that the joining of six does as defendants, whose residence was not alleged and against whom no allegations of negligence were pleaded, did not prevent removal of the case to the United States District Court. The court, 246 F.2d at page 619 of its opinion, states:

"It is fair to say, as of filing, the Does were wholly fictitious. They were not aliases selected by the plaintiff for actors in the events related in the complaint. Nothing is charged in the original complaint involving the participation of the Does."

In the case at bar, the complaint alleges a cause of action as to certain doe defendants in each of the nine causes of action alleged. The petitioner, Jackie Gleason, does not appear to be named in causes of action 4th, 5th, 6th and 7th. By its prayer, plaintiff seeks relief against "all of the defendants, and each of them, under the 1st, 2nd, 3rd, 8th and 9th causes of action, and against defendants CBS, Dann, Doe I and Doe II, and each of them, under the 4th, 5th, 6th and 7th causes of action.

The court in the Scurlock case, supra, 162 F.Supp. 78, cites at page 80 of its opinion Hill v. United Fruit Company, et al., 149 F.Supp. 470 (D.C.S.D.Cal. 1957), observing that the said case involved " * * * an almost identical factual situation * * *." It, however, appears from a reading of these cases that in the Scurlock case, as in the Griggs case, supra, no cause of action was stated against any of the fictitious defendants whereas in the Hill case it appears, 149 F.Supp., at page 471 of the opinion, " * * * the complaint asserts two claims or causes of action:

[a] For an alleged tort of a maritime nature, namely, negligence *of 'the defendants, and each of them',* claimed have been a proximate cause of plaintiff's injuries * * *." (Emphasis ours.)

In the Hill case, Judge Mathes of this District held that diversity of citizenship was absent by reason of three doe defendants being named in the complaint. Defendant United Fruit Company removed the case to the Federal Court. The matter was before the court on an order to show cause why the case should not be remanded to the state court and a motion of libelant, subsequently filed, to dismiss the action "as against the fictitiously named defendants and to transfer the case 'to the law docket of this court as an action at law' ". As to the libelant's motion to dismiss the fictitious defendants, the court denied same on the grounds that the motion could not operate retroactively to accomplish diversity of citizenship at the time of removal (see page 472 of 149 F.Supp.). The court in the Hill case, supra, sets forth its reasons for remanding the litigation to the Superior Court of the State of California in considerable detail. Some of those reasons are noted hereinabove.

Assuming for the purposes of discussion that there is a conflict in the District Court cases in this Circuit with respect to the effect on removal of the joinder of fictitious defendants who are unidentifiable, it is to be noted that the Court of Appeals of this Circuit, in the case of Carnegie National Bank v. City of Wolf Point, 9 Cir., 110 F.2d 569 at 573, quotes with approval the statement of the court in Shreve v. Cheesman, 69 F. 785 at 791 (8 Cir. 1895), that the "various judges who sit in the same court should not attempt to overrule the decisions of each other, especially upon questions involving rules of property or of practice, except for the most cogent reasons." See also Rojas-Gutierrez v. Hoy, 161 F.Supp. 448 at 450–451 (D.C. S.D.Cal.1958), where the court refers to the Shreve case, supra, and on page 451 says:

"Unless a judge can say that he thinks a decision of a colleague is on the face of it patently erroneous, he should follow it." See also Citizens Nat'l Trust & Sav. Bank of Los

Angeles v. United States, 9 Cir., 270 F.2d 128 at 132.

The ruling of Judge Mathes in the Hill case does not appear to be patently erroneous but is in accord with the conclusions of this court in the case at bar.

Resolving doubts as to Federal jurisdiction in favor of remand to a court of unquestioned jurisdiction, it must be held that this case was removed to this Court "improvidently and without jurisdiction" within the meaning of 28 U.S.C. § 1447(c);

It Is Ordered upon the Court's own initiative [see F.R.Civ.P. 12(h), 28 U.S. C.A.] that this case is hereby remanded to the Superior Court of the State of California for the County of Los Angeles (28 U.S.C. § 1447).

It Is Further Ordered that the Clerk this day serve a certified copy of this order of remand by United States mail upon the Clerk of the Superior Court of the State of California for the County of Los Angeles, in accordance with 28 U.S.C. § 1447(c).

It Is Futher Ordered that the Clerk this day serve copies of this order by United States mail upon the attorneys for the parties appearing in this cause.