Donald E. WOOD, Plaintiff,

v.

The HOME INSURANCE COMPANY and
Does I through X inclusive,
Defendants.

No. 69–2083.

United States District Court
C. D. California.

Oct. 22, 1969.

David G. Sills, Orange, Cal., for plaintiff.

Murchison, Cumming, Baker & Velpmen, Ronald R. McQuoid, Los Angeles, Cal., for defendants.

### ORDER REMANDING ACTION TO STATE COURT

WHELAN, District Judge.

Plaintiff commenced this action in the Superior Court of the State of California for the County of Orange. The complaint names as defendants The Home Insurance Company and certain fictitious defendants. Defendant The Home Insurance Company filed a petition for removal of the action to this Court pursuant to 28 U.S.C. § 1441, basing jurisdiction on 28 U.S.C. § 1332, diversity of citizenship, and a controversy involving more than $10,000.00.

The complaint brought by plaintiff, Donald E. Wood, an attorney, alleges that he was assigned, on a contingent fee arrangement, one-third of the proceeds of all amounts recovered by compromise or judgment in a claim of his client, Mattie Lee Mitchell, against defendant The Home Insurance Company,

and that he duly notified such defendant in writing that Mattie Lee Mitchell had granted a lien to plaintiff. It is further alleged that such defendant settled with Mattie Lee Mitchell for her injuries and paid the sum of $10,000.00 to Mattie Lee Mitchell and one Carl N. Stewart, an attorney not authorized to practice in the State of California. Plaintiff demanded of the petitioner one-third of the proceeds of said settlement pursuant to his assignment and lien. Thus, the first cause of action set forth in the complaint seeks the sum of $3,333.33; as to this cause there is no diversity jurisdiction and this Court could remand such cause of action even if there were federal jurisdiction over the second cause of action. The second cause of action alleges that defendant insurance company willfully interfered with plaintiff's contractual rights with Mattie Lee Mitchell and seeks punitive damages in the sum of $250,000.00 from all of the defendants.

■ Punitive damages may not be recovered in an action based on a breach of contract even though the breach was willful or malicious. 14 Cal.Jur.2d 828, Damages, § 200. Thus, insofar as the action is not based on tort, it does not set forth a controversy in the jurisdictional amount of $10,000.00.

■ Insofar as the complaint seeks to obtain punitive damages for tortious conduct, it appears that the plaintiff has used the state procedure of naming fictitious defendants as a means of suing various agents of defendant The Home Insurance Company. Defendant The Home Insurance Company being a corporation could, in committing the tort alleged in the complaint, act only through its agents, who would also be individually and personally liable; as their names were unknown to plaintiff they were sued as fictitious defendants. Thus, since the tortious acts alleged in the complaint against defendant The Home Insurance Company would be the same acts for which plaintiff seeks to hold the fictitious defendants liable, the action against The Home Insurance Company should not be litigated in this Court while the action against the individual defendants is litigated in the state court. Furthermore, plaintiff has sued all of the defendants in one action as he had the right to do; and the defendants should all be sued in one action where they are within the jurisdiction of the Court. Since there is no showing that the fictitious defendants are not citizens of the State of California, this Court does not have diversity jurisdiction over the action based on tort for punitive damages against the company and its individual agents. Want of federal jurisdiction would make futile the litigation of any of the issues in this Court and every doubt should be resolved in favor of remand. Jurisdiction is here sought to be based on diversity of citizenship and it does not appear that all of the defendants are citizens of a state other than California. Thus, this Court lacks the requisite jurisdiction and the entire cause should be remanded to the state court. Molnar v. National Broadcasting Company, 231 F.2d 684 (9th Cir. 1956); Glucksman v. Columbia Broadcasting System, Inc., 219 F.Supp. 767 (D.C. 1963). It is the obligation of the Court, sua sponte, to remand a case to the state court where it appears that the Court lacks jurisdiction of the subject matter of the action. Accordingly,

It is ordered upon the Court's own initiative (see Fed.R.Civ.P. 12(h), 28 U.S.C.; Gate-way, Inc. v. Hillgren, D.C., 82 F.Supp. 546, 553) that this case is hereby remanded to the Superior Court of the State of California in and for the County of Orange. (28 U.S.C. § 1447.)