Elizabeth **TROY** and Charles **Kaplan,** Plaintiffs,

v.

**MARQUETTE NATIONAL LIFE INSURANCE COMPANY, et al.,** Defendants.

No. 4:94–CV–083–A.

United States District Court, N.D. Texas, Fort Worth Division.

March 11, 1994.

**1150**

Robert Gregory Fitzgerald, Fitzgerald & Reddick, Hurst, TX, for plaintiffs.

Andrew George Jubinsky, Figari & Davenport, Dallas, TX, for Marquette Nat. Life Ins. Co.

Harvey Rosenberg, Law Office of Harvey Rosenberg, Dallas, TX, for Sheldon Weisman.

Stewart J Alexander, Law Office of Stewart J. Alexander, San Antonio, TX, for CDR Services Inc.

## MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

Came on for consideration the motion of plaintiffs, Elizabeth Troy ("Troy") and Charles Kaplan ("Kaplan"), to remand and for sanctions.[1] The court, having considered the motion, the response of defendant Marquette National Life Insurance Company ("Marquette"), the record, and applicable authorities, finds that the motion should be denied.

This action was removed to this court by notice of removal filed February 7, 1994. The notice was filed by Marquette and joined in by defendants Sheldon Weisman,[2] individually and d/b/a Employee Benefits Specialist, and C.D.R. Services, Inc.[3] The papers filed with the notice of removal reflect that plaintiffs filed their original petition on January 20, 1993, in the 153rd Judicial District Court of Tarrant County, Texas. In their original petition, plaintiffs allege that Marquette issued a major hospital expense policy to Troy, who is listed as a named insured. Plaintiffs allege that all premiums were timely paid and that they performed their obligations under the policy, but that defendant refused to pay for certain medical expenses incurred by Troy.

Marquette maintains that the first notice it had regarding the possibility of complete ERISA preemption of plaintiffs' claims was by plaintiffs' motion for summary judgment filed on or about December 10, 1993. Following the filing of such motion, Marquette took the deposition of Kaplan, who refused, on advice of his attorney, to answer any questions pertinent to the issue of ERISA preemption. Marquette asserts that it was not until Kaplan's deposition resumed on February 2, 1994, pursuant to the state judge's order granting Marquette's motion to compel, that it gained knowledge of facts sufficient to support federal court jurisdiction. Plaintiffs, on the other hand, maintain that Marquette had notice of facts sufficient to support removal long before the notice of removal was ever filed. Specifically, plaintiffs allege that Marquette continuously billed Troy's employer, FiberCo, Inc., for premiums that were paid by FiberCo, Inc., checks. At the very latest, on December 10, 1993, Marquette had knowledge of the removability of the action by virtue of plaintiffs' motion for summary judgment and the Kaplan affidavit.

Plaintiffs do not argue that their original petition filed in the state court put defendants on notice of any basis for federal jurisdiction. Therefore, the court need not analyze whether the petition provided a "clue" as to removability so as to limit the time for removal to thirty days after service of process. *See Kaneshiro v. North American Co.*

---

1. By order signed February 11, 1994, the court granted plaintiffs' request for expedited ruling on the motion.

2. Pursuant to agreement of the parties, by order and final judgment signed February 17, 1994, the court dismissed without prejudice plaintiffs' claims against defendant Weisman.

3. Pursuant to agreement of the parties, by order and final judgment signed March 10, 1994, the court dismissed without prejudice plaintiffs' claims against defendant C.D.R. Services, Inc.

*for Life & Health Ins.,* 496 F.Supp. 452, 460 (D.Hawaii 1980). Instead, the court looks to the second paragraph of 28 U.S.C. § 1446(b) to determine the timeliness of the removal. Section 1446(b) provides in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

█ Granted, Marquette had notice, at least by December 10, 1993, that Troy's employer, FiberCo, Inc., paid her insurance premiums. However, there is no indication, much less any evidence, that Marquette knew all of the other facts necessary to establish the existence of an ERISA plan, and hence, a basis for removal jurisdiction.

█ An employee welfare benefit plan is defined as:

> . . . any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, [or] accident. . . .

29 U.S.C. § 1002(1). To determine whether an ERISA plan exists, the court makes two inquiries. *Gahn v. Allstate Life Ins. Co.,* 926 F.2d 1449, 1452 (5th Cir.1991). First, the plan must not be exempt from ERISA pursuant to the safe-harbor provision set forth in 29 C.F.R. § 2510.3–1(j). To be exempt: (1) the employer must not contribute to the plan; (2) participation in the plan must be completely voluntary for employees or members; (3) the sole function of the employer with respect to the plan must be, without endorsing the plan, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions and to remit them to the insurer; and (4) the employer must not profit in any man-

ner from administering the plan. If the plan does not qualify under the safe-harbor provision, the court applies the second test. Under it, an ERISA plan is established "if from the surrounding circumstances a reasonable person can ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits." [4] *Donovan v. Dillingham,* 688 F.2d 1367, 1373 (11th Cir.1982).

█ As stated earlier, when Marquette attempted to discover facts pertinent to the issue of the existence of an ERISA plan, plaintiffs obstructed such attempts. Thus, plaintiffs should not now be heard to complain that defendants should have been more diligent in ascertaining whether the action was removable. *Cf. Fred Olsen & Co. v. Moore,* 162 F.Supp. 82, 84 (N.D.Cal.1958) (plaintiff cannot claim removal untimely when he pleaded facts that created questionable situation as to whether diversity existed). The burden is on defendants as removing parties to establish this court's jurisdiction. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992). They would not have been able to do so armed only with the fact that Troy's employer paid her insurance premiums. *See Crespo v. Candela Laser Corp.,* 780 F.Supp. 866, 874 (D.Mass. 1992) (sweeping assertion of removal jurisdiction insufficient absent more substantial evidence of an ERISA plan); *Thomas v. Burlington Indus., Inc.,* 763 F.Supp. 1570, 1576 (S.D.Fla.1991) (removal based on federal question must allege all facts essential to existence of that federal question). They certainly would not have been able to sign the notice of removal "pursuant to Rule 11 of the Federal Rules of Civil Procedure" based on their limited knowledge. *See* 28 U.S.C. § 1446(a).

Because the notice of removal was filed within thirty days after it first became ascertained within the meaning of 28 U.S.C. § 1446(b) that the case was removable, the notice is timely. Therefore,

The court ORDERS that plaintiffs' motion to remand be, and is hereby denied. The

---

4. The Fifth Circuit adopted this test in *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 241 (5th Cir.1990).

court further ORDERS that the request for sanctions be, and is hereby, denied as moot.